Tilghman C. J.
Matthias Hollenback, the plaintiff below, *547 brought this ejectment against the defendants, for a tract of land which was mortgaged by Thomas Duane to Joshua Lippincott, by deed dated 27th May, 1803. The mortgage was assigned by Lippincott to the plaintiff, by a writing bearing date 16th November, 1804. On the 4th May, 180o, Duane conveyed part of the mortgaged premises to Geórgé Nace, One of the defendants-. The two other defendants, Peter Shaffer and John Hollenback, claim under George Nace. A sci.fa. on the mortgage was issued in the name of Lippincott, for the use of Matthias Hollenback, against Duane and the terretenants, returnable to April Term, 1808, in the Court of Common Pleas of Luzerne .county. The sheriff returned, “ served on Jacob Nace, terretenant.” At that time, George Nace was living on the land, and it was proved, on the trial of this ejectment, that “ he confessed the sci. fa. had been “ served on him, and employed counsel to defend himHence it may be concluded (and it was so taken by the Court of Common Pleas) that Jacob Nace was the tenant of George Nace, and service on Jacob was tantamount to service on George. The plea put in to the sci.fa. was, “ payment, with “ leave to give special matter in evidence.” The plaintiff replied, “ non-payment,” and thus issue was joined. Under this plea of payment, with leave, &c. the defendants, by the rule of the Court of Common Pleas, might give in evidence any thing which showed that the plaintiff had no right to recover, whether the defence was of a legal or equitable nature; he might give in evidence, either that the mortgage was actually paid, or that if ought not to be' paid, by reason of fraud in Lippincott, the mortgagee, or Hollenback, the assignee, for whose use the suit was brought. There was a verdict and judgment for the plaintiff, on which a levari facias issued; the land was sold, and Matthias Hollenback became the purchaser. This was all in conformity with the “ Act for taking “ lands in execution for the payment of debts,” passed in 1705, (1 Sm. L. 59. sec. 6.) By that act the defendant may plead payment of all or any part of the mortgage money, “ or “ any other lawful plea in avoidance of the debt, as the case “ may require.” The act declares also, that upon judgment obtained by the plaintiff, a levari facias may issue, upon which the land may be sold, and the purchaser shall hold it « free from all equity, or benefit of' redemption by the mort-- « gagor, his heirs, or assigns.” Upon the trial of this eject *548 ment the defendant offered to give in evidence a variety of facts, tending to show, either that the mortgage money was pajcp or that Lippincott, or Matthias Hollenback, or both, had been guilty of fraud; but the court rejected the evidence. The cause appears to me to turn on the single point, whether the defendant, George Nace, was a party to the scire facias, and, after the evidence which I have mentioned, I think it must be granted, that he was substantially a party. The plaintiffs in error have laboured to prove, that the defence set up in this ejectment, was different from the defence in the scire facias. I cannot say they have satisfied me of that, because George Hart, who, from the defendant’s own showing, knew most of the facts on which they now rely, was examined as a witness, and if he swore to the matter now stated by the defendants to have been within his knowledge, and the jury believed him, the verdict ought to have been for the defendant. But it is immaterial whether the defence in the scire facias was precisely the same as that now set up, because the defendants might have given evidence of every thing which they offered to prove in this suit, and, if they did not, it was their own fault. It does not appear, that any material fact has come to light since the scire facias, so that the question is, whether the defendants shall have a trial now, of a matter which was, or might have been, tried before. This question is answered by the act of assembly on which the scire facias was founded. The defendant was permitted then to make his defence; he did make it, and failed. The consequence is, by the plain words of the law, that the land having been sold under a levari facias, the purchaser shall hold it. It is enough for him to show the judgment, execution, sale, and sheriff’s deed, and the terretenant cannot be admitted to any defence which was, or might have been, made before. There is no more reason why these defendants should be permitted to enter into the merits of the judgment on the scire facias, than if there had been judgment in an original action on a bond, and the land had been sold, under an execution on that judgment. If indeed the judgment in the scire facias had been obtained by fraud, or collusion between the mortgagee and mortgagor, the defendants in this ejectment might have shown it: And I think that if George Nace had not been a party to the scire facias, he might have made any defence in this suit which would have been open to him on the scire fa *549 cías. But as the case stands, he is precluded. I am therefore of opinion, that the judgment should be affirmed.
Yeates J. of the same opinion.
Brackenridge J. dissented.
Judgment affirmed.