The opinion of the Court, was delivered by
Tilghman, C.' J.
This is an ejectment for a tract of land •in Franklin county. Evidence was given of title in Nicholson, who on the 28th December, 1793, conveyed to John Nicholson, who mortgaged to Jpseph Ball, by deed dated 20th October, 1794. On the 31-st March, 1801, two distinct articles of agreement were executed, between Joseph Ball and Samuel Nicholson. By one of these articles, after a recital “that the latc.John Nicholson, then deceased,1 mortgaged to Joseph Ball, three tracts of land, (of which that-in dispute is part,) which were advertised by the Sheriff of Franklin county for sale on the 9th April next 'ensuing, and that Samuel Nicholson was desirous to become the purchaser thereof,” it was agreed that 'the said Joseph should purchase the said three tracts, containing together, about 460 acres, at the Sheriff’s sale, provided the samé "should" not go higher than 14,000 dollars, and convey them to the said Samuel Nicholson, for the sum of 14,000 • * ’ ' - to be paid in manner following, viz. one-third on or before the 9th April, 1802, with lawful interest thereon from 9th *342 April, 1801, and the remaining two-thirds in six equal annual payments, the first whereof to be made on the 9th April, 1803, and so on yearly on the-9th April, until the whole should be paid, with lawful interest on each payment, from the 9th April, 1801. By the other article, after a recital u j0fln Nicholson was in his life-time indebted to Joseph Ball in the sum of 51,000 dollars or thereabouts, for which the said Ball had obtained judgments, which bound his property in the counties of Franklin and Dauphin in Pennsylvania, to satisfy which, sundry lots of ground in .the city of Washington were conveyed by the said John .Nicholson to the said Ball, and that part of the said property in Franklin county was claimed by the said Samuel Nicholson, by virtue of an agreement between him and the said John Nicholson, and that the said Ball had agreed to sell to the said Samuel Nicholson the property so claimed, for the sum of 14,000 dollars, and that the said John Nicholson had conveyed to the said Samuel Nicholson, sundry debts and property of various kinds, to secure and indemnify him against any sums which he should be obliged to pay for the purchase of the premises it was agreed between the said Samuel Nicholson and the said Ball, that all the property bound by the said mortgage or judgment, and all the debts and property as-, signed to the said Samuel Nicholson by the said John Nicholson should be applied' to the payment of the debt due to the said Ball, and in case there should be a sufficient sum arising therefrom to satisfy the same, then the obligations which the said Samuel Nicholson should give to the said Ball to the amount of 14,000 dollars, for the purchase of the said 460 acres of land, should be delivered up to the said Samuel Nicholson• and cancelled. Joseph Ball, after the making of these agreements, had the mortgaged lands in Franklin county sold by virtue of a levari facias, on a judgment obtained on his mortgage in Vctober, 1802, and became the purchaser himself, for the sum of 4,000 dollars, and received a deed of conveyance from John Brotherton the,Sheriff, on the 8th January? 1803. There was no evidence of any payment made by Samuel Nicholson to Ball, in pursuance of their agreement. But it appeared by several letters of Samuel Nicholson to Ball, dated the 17th February, 1st March, 20th April, and 25th April, 1805, that Nicholson *343 despaired.of being able to make payment, and offered to cancel the agreements of the 31st March, 1801. This offer was accepted by Ball, and on the 25th April, 1805, (the of the date of the last letter,) an indenture was executed, by which the parties mutually released each other from both the said agreements, and declared that the same should be considered as in all respects null and void.. On the 1st 3.larch, 1806, Samuel Nicholson executed a conveyance, to Samuel Blythe, the plaintiff,'of 500 acres of land in Franklin comity,' comprehending the. land in dispute,) in consideration of 16.000 dollars, paid or secured to be paid to him, with warranty against the said Samuel Nicholson and his heirs, and all persons lawfully claiming or to claim under him or them. About the time of this conveyance, and for some time before it, a great .intimacy subsisted between Blythe .and Nicholson ; and Blythe was in necessitous circumstances. This is a sum-, mary of the evidence' given on the tr.ial in the Court below, after which the plaintiff’s counsel offered to give in evidence, a number of mortgages from John Nicholson to Joseph Ball, for lands in different counties in Pennsylvania, and proceedings on some of those mortgages, with a view of shewing that' Ball had received as much as would pay his whole debt of 51.000 dollars. He also offered in evidence, several deeds to Samuel Blythe for land in' Delaware county, Pennsylvania, dated in the year 1805, and deeds for^the same land from Blythe to Samuel Nicholson, in the year' 1807'.' ■ All this evidence was rejected by the Court, whereupon' the counsel for the plaintiff excepted to their opinion.
When Samuel Blythe, the plaintiff, received a conveyance of the land in dispute, from Samuel Nicholson, the legal title was in Joseph Ball, of which the plaintiff.was bound to take notice, because Ball had purchased at the Sheriff’s sale, and received a deed from the Sheriff, which was on record. The plaintiff, who, claimed under Samuel Nicholson, stood in his place, and had only such an equitable interest as Nicholson could convey to' him. But what was that ? A few months before Samuel Nicholson Conveyed tó the plain.tiff, he had come to a full understanding with Ball,, and mutual releases had passed, between them.' .Now, when those releases were executed, it was well known to Nicfiolson, that Ball had been a purchaser at Sheriff’s, sale, and received a deed from the *344 Sheriff, by which any interest which he might once have had in the mortgaged premises by virtue of a deed from his brother John Nicholson, in the year 1795, was extinguished; and when Ball released him from his obligation to pay 14,000 dollars, and he released Ball from the agreement to apply the proceeds of sundry other securities, towards the discharge of the debt of 51,000 due from John Nicholson to Ball, of which the debt due by this mortgage formed a part, I think it must have been the intent of both parties, that Ball was to retain the mortgaged premises, purchased at Sheriff’s sale, discharged from all equity'or claim of Nicholson. Then if Nicholson could make no further claim, neither could the plaintiff who comes in under him. Indeedj it appears-very extraordinary, and very suspicious, that after what had passed between Ball and Nicholson, the latter should ■ undertake to make a conveyance to Blythe, who was then distressed for money, and being employed as his agent, (as appears by the letters from Nicholson to Ball,) must probably have been acquainted with the settlement and releases which had taken place. But there is another, and a decisive reason, why the evidence offered by the plaintiff should not have been admitted. A scire facias on Ball’s mortgage had issued to August Term, 1802, against the widow and heirs of John.Nicholson, deceased, and Samuel Nicholson and others terre tenants. To this writ the Sheriff returned, that he had made inotvn, &?c., and judgment was entered in October, 1802. Now this evidence offered by the plaintiff went to prove payment prior to that judgment. That certainly was inadmissible. If any payment had been made, Nicholson might have pleaded to the scire facias. That was his time, and having suffered judgment to pass against-him, neither he, nor those claiming under him can be let in to plead payment afterwards. The counsel for the plaintiff, did indeed contend, that Samuel Nicholson suffered judgment to go on the mortgage, because he had agreed to purchase of Ball, and the agreement being afterwards cancelled, he should be permitted to open the judgment and plead payment, or what is the same thing, give evidence of payment in this' ejectment. But I am of a very different opinion. By the cancelling of the agreements between Nicholson and Ball, Nicholson was discharged from the payment of 14,000 dollars which he had bound himself *345 to pay, and not the least intimation appearing in the indentures pf release, of any intention to permit him to set up a plea of payment, which might’ affect the. title of the land purchased by Ball of the Sheriff, I can 'see. no pretence in law or equity, for admitting evidence of payment, either by Ni~ cholson, or the plaintiff who stands In his place.' I am therefore of opinion, that-the evidence was-properly rejected by the C.ourt.below, and the judgment should be affirmed.
Judgment affirmed.