## Mather *against* Clark.

A writ of *scire facias* upon a mortgage need not be served upon the terre tenant of the mortgaged premises, to make him a party to the proceeding. A title by the sheriff upon a judgment against the mortgagor alone is good.

In an ejectment against a terre tenant of mortgaged premises by the purchaser at sheriff's sale, the defendant may avail himself of any defence which he might have made if he had been a party to the *scire facias* suit. But if he had been served with notice of the suit upon the mortgage the judgment would have been conclusive upon him and his title.

ERROR to the common pleas of *Bradford* county.

This was an ejectment by *John Mather* against *Benjamin Clark and terre tenants* for a tract of land. On the 2d of October 1809 *Thomas Overton* conveyed the land to *Benjamin Clark* the defendant; and afterwards, on the 31st of October 1809, he executed a mortgage on the same land to *George Fox, Joseph P. Norris* and *Jonathan Smith,* to secure the payment of 2500 dollars. The mortgage was recorded on the 31st of January 1810, the conveyance on the 3d of September 1810. The mortgage was sued by writ of *scire facias* to May term 1825, by *George Fox* and others against *Thomas Overton,* and judgment obtained thereon; upon which a *levari facias* issued to February term 1826, and the land was sold to *George Fox,* and conveyed by the sheriff to him; he conveyed to *Thomas Ellicott,* who conveyed to *John Mather,* the plaintiff in this ejectment.

The court below instructed the jury, that "if they believed that *Clark,* since his purchase of the land from *Overton* and taking a deed which was recorded in 1810, has been in possession of the land from that time to the present, he would be a terre tenant and entitled to notice of the proceedings on the *scire facias;* and his not having been

[Mather v. Clark.]

made a party to the suit, renders the judgment inoperative as it regards his rights."

This opinion was assigned for error.

*Cunningham,* for plaintiff in error.

· *E. Lewis* and *Willetson,* contra, cited, 4 *Bac. Ab. tit. Scire Facias* 418; *Phil. Ev.* 422; 16 *Serg. & Rawle* 432.

The opinion of the Court was delivered by

KENNEDY, J.—To prevent misapprehension on the part of the jury it is highly necessary that the court, in charging them on any point of law at the instance of either party, should be careful, where the facts out of which the question or point arises, are controverted by the parties, not to direct the jury on the point of law as if the facts were conceded to be as assumed or claimed by the party at whose request the jury are so charged; because it must be obvious that they may be imposed on or misled in regard to their duty; which is, to ascertain first, and find how the facts are. They may suppose that they are to take from the court not only the law, but the facts too as they have been assumed for the purpose of laying down the law to them. In order, however, to avoid any such mistake or misapprehension taking place with the jury, the court ought, in charging them, to refer distinctly to the controversy between the parties in respect to the facts, and to tell the jury that if they should find the facts to be as the one party contends they are, then the law is so and so; but if they should find the facts to be as the other party claims they are, then the law is different; and to state to them how it is, as they shall find the facts to be in one way or the other. It is possible that in the present case the president judge may have made such observations to the jury in regard to the contest between the parties, about their finding the facts, as was contended for by the one party or the other, to which his charge as committed to writing has a reference, so as to have given a different view of the matter to the jury from what there is great reason to apprehend they must have received, if nothing more were said than what is contained in the written charge.

If such further remarks were made, in connexion with what has been reduced to writing, so as to have presented to the jury an intelligible and correct view and application of the law to this part of the case between the parties, as they should happen to find the facts to be in the one way or the other, as claimed by either party; it is to be regretted that they were not also committed to writing and sent up as part of the charge. Be this, however, as it may, inasmuch as it does not appear to have been so, we can not presume it was, and must take the charge as it has been given in writing.

It is easy to perceive from the case, that there must have been a contest, on the trial of the cause, between the parties, as to the facts to which the charge is applicable: the plaintiff contending that

the mortgage from *Thomas Overton* to *George Fox* and others, although bearing a date on its face posterior to the date mentioned on the face of the deed of conveyance from *Thomas Overton* to *Benjamin Clark*, was in reality executed and delivered before the execution and delivery of the latter; while the defendant *Clark* contended that each was executed and delivered on their respective dates. In this latter state of things the charge of the court would have been correct; but if the facts of the case were as the plaintiff contended, then the charge was clearly erroneous. The court tell the jury, "if they believe that *Clark, since his purchase* of the land of *Overton*, and *taking* a deed which was recorded in 1810, has been in the possession of the land from that time to the present, he would be a terre tenant and *entitled to notice* of the *scire facias* proceedings; and his *not being made a party* in that cause, renders the judgment *inoperative* as regards his *rights.*" Now, although *Clark* had been in the possession of the land from the time he actually got his deed from *Overton*, and was properly and technically terre-tenant thereof, yet if the mortgage from *Overton* to *Fox* and others, which embraced the same with other land, was actually executed and delivered by *Overton* to the mortgagees before *Clark's* deed was delivered to him, it would most unquestionably operate on his *right* to the land, and bind it as effectually as if it had continued to be the property of *Overton*, the mortgagor. The court, as I conceive, ought first to have submitted to the jury their right to ascertain and to find how these facts were; and only in case they found the mortgage to have been delivered and executed after the execution and delivery of the deed to *Clark*, was it, that his right to the land could not be affected by the mortgage and the proceeding by *scire facias* upon it; but if they found the facts otherwise, then the mortgage bound the land, and the right of *Clark* to it was affected by it and the proceeding thereon by *scire facias*, whether he was terre tenant of it or not, and although he had had the possession of it from the time of his purchase without any notice of the *scire facias*, unless he could show that the mortgage had been paid or released. But I must further observe, that it appears to me at least doubtful, whether the court by their charge did not intend to instruct the jury that if they believed that *Clark* had lived upon the land from the time of his purchase and getting his deed for it of *Overton*, no matter when that was, he thereby became terre tenant of the land, and his right to it therefore could not be affected by the judgment and sale upon the mortgage, as no notice of the writ of *scire facias* sued out was served upon him. If this be the meaning of the charge, it is clearly erroneous; for it is not necessary in this state to give notice to the terre tenant of the mortgaged premises of the suing out of the writ of *scire facias*, or to make him a party to the proceeding in any way, in order to make a good and valid sale of the land to satisfy the debt or money due upon the mortgage. Such notice may be given, and I think it commendable to do so, and in some instances it has been

[Mather v. Clark.]

given; still I believe it has been more frequently omitted, at least in some parts of the state, and has become a practice too long settled to be overturned by a judicial decision. The only difference that a want of notice to the terre tenant makes is, that he will be permitted to make any available defence against the purchaser of the land at sheriff's sale, that he might have set up on the trial of the *scire facias* in case it had been served upon him; see *Nace* v. *Hollenback*, 1 *Serg. & Rawle* 548; but if it has been served upon him he can make no such defence against the sheriff's vendee. *Ibid.* 540. *Blythe* v. *M'Clintock*, 7 *Serg. & Rawle* 341. But the circumstance of his having become a terre tenant of the land, after the execution of a mortgage, which was valid in its original concoction, and has been duly recorded, will form no defence whatever, either upon the trial of the *scire facias*, or that of the ejectment brought against him by the sheriff's vendee. Nothing short of payment or a release of the mortgage can avail in such a case.

Believing that the charge of the court below was calculated to mislead the jury as to the law of the case, I therefore think that their judgment ought to be reversed.

Judgment reversed, and a *venire facias de novo* awarded.