## B. F. Brundred *v.* A. C. Egbert et al., Appellants.

*Mortgage—Judgment—Irregular return—Scire facias.*

Where two writs of scire facias are issued upon a mortgage, and a return of "non est" is made to the first, and of "nihil habet" to the second, the irregularity of the return to the first writ will not render void the judgment entered upon the second writ, but only voidable at instance of defendant if he acts within a reasonable time.

Such a judgment cannot be attacked by a person other than the defendant in an action of ejectment thirty years after the judgment was entered.

*Mortgage—Scire facias—Amendment of sheriff's return—Practice, C. P.*

An irregular return of "non est" to a scire facias sur mortgage may be amended on motion.

*Judgment—Irregular entry—Rules of court—Collateral attack.*

A judgment irregularly entered by the attorneys, and not taken in open court as required by the rules of the court, is voidable only at instance of defendant, and cannot be attacked by a stranger in a collateral proceeding.

*Tax sale—Assessment—Title.*

The lien of unpaid taxes is coextensive with the tract against which they are assessed, and the land which passes under the sale is that only which is covered by the assessment.

Argued Oct. 5, 1894.  Appeal, No. 129, Oct. T., 1894, by defendants, from judgment of C. P. Venango Co., on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Ejectment.  Before TAYLOR, P. J.

At the trial it appeared that on December 10, 1859, B. R. Knapp executed a mortgage to Clark & Andrews to secure the sum of $175. This mortgage was recorded Jan. 5, 1860. On Dec. 20, 1859, Knapp executed a second mortgage to N. McBride, to secure payment of $2,150. This mortgage was recorded July 6, 1860.

On Aug. 11, 1862, à writ of scire facias was issued upon the first mortgage, to which the sheriff returned " defendant not found in my bailiwick," and to an alias writ he returned " Nihil." Thereupon plaintiffs' attorneys made the following entry upon the appearance docket : " Now, to wit, April 3, 1863, we hereby appear and take judgment in above case by default for want of an affidavit of defence—amt. to be liquidated by the prothonotary. Taylor & Gilfillan, Plffs. Attys. ; " and issued a writ of levari facias, upon which sale was made by the sheriff, April 25, 1863, to C. W. Gilfillan, one of plaintiffs' attorneys, who conveyed to J. H. Marston. In 1874 there was an assessment in the name, " Marston, J. H., 66 acres " and, in default of payment of taxes thereon, a sale therefor, Oct. 25, 1878, to the county of Venango. From that sale there was no redemption, but, after the time for redemption had expired, the commissioners made a conveyance to the heirs of Marston, March 13, 1884, and plaintiff claims as their vendee.

On June 8, 1865, a writ of scire facias was issued upon the second mortgage to which there was a return of " nihil ; " an alias writ was issued returnable to the next term, to which there was a like return of " nihil," and on Dec. 6, 1865, judgment was regularly entered by the court, a writ of levari facias was issued and the land sold and conveyed to plaintiffs in the writ, whose title to 150 acres thereof, including the land in controversy, became vested in A. G. Egbert and C. E. Taft.

Plaintiff offered in evidence record and proceedings in case of Clarke & Andrews v. Benjamin R. Knapp, at 119 Aug. Term, 1862, including the judgment therein rendered, being scire facias upon the mortgage first mentioned.

The record read as follows : " Aug. 25, 1862, defendant not found in my bailiwick, so answers ·S. McAlevy, sheriff. Alias sci. fa. issued Nov. 3, 1862. Nov. 11, 1862, nihil. So answers S. McAlvey, sheriff. Now, to wit, April 3, 1863, we hereby appear and take judgment in above case by default for want of

an affidavit of defence, amount to be liquidated by the prothonotary." Signed by attorneys and liquidated by prothonotary.

Defendants objected to the record for the reason that a return "not found in my bailiwick" and a return of "nihil" would not justify the taking of a judgment in default of an appearance, much less the taking of a judgment for want of an affidavit of defence; and for the further reason that it does not appear that the act of assembly, requiring a minute of the scire facias to be entered upon the margin of the record of the mortgage, has been complied with.

Objection overruled as the sheriff's deed would cure the irregularities. Exception. [1]

Defendants also offered record and proceedings in case of McBride v. Knapp, scire facias etc. to sheriff's sale, sheriff's deed, and subsequent conveyances, and evidence as to tax title raised and decided in Brundred v. Egbert, 158 Pa. 552. Objected to, objection sustained and exception. [2]

Defendants' points were as follows :

1. It appearing that no memorandum of the issuing of the scire facias upon the mortgage of Knapp to Clark & Andrews was made upon the record thereof; that there was no actual service of the writ but a return of deft. not found in my bailiwick, followed by an alias writ of scire facias and return thereto of nihil that no appearance was entered and that no judgment was pronounced by the court, but that plaintiff's attorneys made the following entry upon the record, to wit : 'Now, to-wit, April 3, 1863, we hereby appear and take judgment in above case by default for want of an affidavit of defence, amt. to be liquidated by the prothonotary,' signing their names thereto; there was no judgment that would support a writ of levari facias, and the sale by the sheriff upon the writ actually issued, did not transfer the title." Not answered. [3]

2. Request for binding instruction refused. [4]

The court charged in part as follows :

" [I will instruct you that if you find that the land in controversy is included in the patent and deeds given in evidence by the plaintiff, and that the same land was included in the mortgage from B. R. Knapp to Clark & Andrews, recorded Jan. 5, 1860, and upon judgment in said case the same was sold to C. W. Gilfillan, which title afterwards became vested

in the plaintiff, you will find for the plaintiff the land described in the writ.] " [5]

Verdict and judgment for plaintiff.   Defendants appealed.

*Errors assigned* were (1, 2) rulings; (3–5) instructions; quoting bills of exception and instructions.

*C. Heydrick, C. A. Myers* and *Carl I. Heydrick* with him, for appellants.—Non est inventus is not the substantial equivalent of nihil habet: Warder v. Tainter, 4 Watts, 270; act of June 13, 1836, §§ 2 and 36, P. L. 572; Bank v. Suman, 79 Mo. 527; Blanton v. Jamison, 3 Mo. 52; Stewart v. Stringer, 41 Mo. 400; Sherer v. Bank, 33 Pa. 134.

Two nihils are equal to a garnishment for the purpose of proceeding to judgment and execution; but they are not equal to an actual service for all purposes, and they do not authorize a judgment for want of an affidavit of defence: Miner v. Graham, 24 Pa. 491.

The entry made on the appearance docket, supposed to be a judgment, was made in vacation and not in term time and therefore bad: Acts of March 24, 1852, § 1, P. L. 178; April 5, 1849, § 4, P. L. 368; June 13, 1836, §§ 33, 34, 36, P. L. 572; Piatt v. Sickler, 3 Kulp, 519.

The rules of practice in force when this entry was made authorized judgments in default of an appearance to be entered in the court room when the court was in session, and in such manner as to give the greatest practicable publicity to the act.

The writ of levari facias, sale in pursuance thereof, and acknowledgment of the sheriff's deed, all without notice to the mortgagor, and upon a record in which it appeared that there had been neither service of process, nor judgment of the court, could not deprive any party interested of his property: Ervine's Ap., 16 Pa. 256; Earle v. McVeigh, 91 U. S. 503; Shields v. Mittenberger, 14 Pa. 76; Caldwell v. Walters, 18 Pa. 79; Camp v. Wood, 10 Watts, 118; Cash v. Tozer, 1 W. & S. 519; Biddle v. Tomlinson, 115 Pa. 299.

If it be conceded that the proceedings upon the first mortgage can be sustained, the second mortgage and the title derived thereunder were, nevertheless, competent evidence to support the sale for taxes in 1880, that is to say, they, with the

other evidence proposed, identified the land assessed in 1878 and 1879, and sold in 1880, with the land in controversy, namely, with a larger tract which included it: Strauch v. Shoemaker, 1 W. & S. 166; Russel v. Werntz, 24 Pa. 338; Phila. v. Miller, 49 Pa. 440; Glass v. Gilbert, 58 Pa. 266; Fisk v. Corey, 141 Pa. 334; Bachop v. Critchlow, 142 Pa. 518; McCoy v. Michew, 7 W. & S. 386.

Whether the land claimed by a plaintiff in ejectment by virtue of a treasurer's deed be the same that was assessed, taxed and sold, is a matter of fact to be determined by a jury: Stewart v. Shoenfelt, 13 S. & R. 360; Burns y. Lyons, 4 Watts, 363; Miller v. Hale, 26 Pa. 432; Woodside v. Wilson, 32 Pa. 52; Russel v. Werntz, 24 Pa. 337; Harper v. McKeehan, 3 W. & S. 246; Hiester v. Laird, 1 W. & S. 250; Thompson v. Fisher, 6 W. & S. 520; Diamond Coal Co. v. Fisher, 19 Pa. 267.

*J. H. Osmer,* for appellee.—The defect in the return to the first writ was an irregularity merely and was amendable in the court below: Layman v. Beam, 6 Whart. 180; Mangan v. McMonegal, 2 Kulp, 310.

The irregularity cannot affect the competency of the sheriff's sale when offered in evidence in another suit: Allison v. Rankin, 7 S. & R. 269; Springer v. Brown, 9 Pa. 305; Glass v. Gilbert, 58 Pa. 266; Tryon v. Munson, 77 Pa. 250.

While plaintiffs' attorneys in entering the judgment, instead of filing a præcipe therefor, wrote it upon the appearance docket, yet it was liquidated and signed by the prothonotary and by him regularly entered upon the judgment index.

An erroneous judgment or an irregular execution can be set aside only by direct and appropriate action by parties having an interest in the same and not by collateral attack under cover of another proceeding: Levan v. Millholland, 114 Pa. 49; Kramer v. Wellendorf, 129 Pa. 547; Campbell's Ap., 118 Pa. 128; Shannon v. Newton, 132 Pa. 375.

Opinion by Mr. Justice Williams, Nov. 12, 1894:

The plaintiff acquired his title to the land in controversy by virtue of a sheriff's sale made upon a judgment obtained in a proceeding by scire facias sur mortgage. The mortgage ap-

pears to have been properly executed and recorded.    After default by the mortgagee a writ of scire facias was issued upon it, to which the sheriff returned " defendant not found in my bailiwick."    An alias was then issued and returned nihil habet. Judgment by default was afterwards entered by plaintiff's attorneys, and a writ of levari facias issued.    Upon this writ the mortgaged premises were sold to C. W. Gilfillan, under whom the plaintiff derives title.

The first question presented by this appeal is over the sufficiency of the judgment by default to support the levari facias and the sheriff's sale thereon.    It should be noticed that this question is not raised by the mortgagor, the defendant in the judgment, but by a stranger to the proceedings.    It should also be noticed that it is raised more than thirty years after the acknowledgment of the sheriff's deed that rests on the judgment now attacked.    It should be noticed finally, that the question is raised in a collateral proceeding, and against a purchaser bona fide, and for a valuable consideration.    Unless the judgment is absolutely void therefore, the title derived under it should be sustained.

Two objections are made to the judgment.    First, that the return to the first writ of scire facias is non est, instead of nihil habet.    Second, that the judgment was entered by the attorneys instead of being taken in open court.    It must be conceded that both objections point out an irregularity.    The question is, do these irregularities render the judgment void, or voidable?    If no writs of scire facias had been issued, or if issued they had never been returned, there would have been nothing on the record to support a judgment; and if one had been taken it would have been void.    A void judgment will not support process, and a sale made upon process issued on a void judgment can, standing alone, confer no title on the purchaser.    This was the ground of the ruling in Wilson v. McCullough, 19 Pa. 77.    No writ of scire facias issued in that case.    An agreement for judgment was filed with the prothonotary which did not recite the mortgage or describe the land covered by it.    The judgment entered upon the agreement was held to be insufficient to support a writ of levari facias. The reason was stated by LOWRIE, J., in these words: " The court never had jurisdiction of the land, as it is not even men-

tioned in the case, and of course it could issue no writ to sell it." But in the case before us two successive writs of scire facias were issued in proper form. Both writs went into the hands of the proper officer. Both were returned by him to the court that issued them with a statement of his inability to make personal service upon the mortgagor. Upon the latter of these writs the return is conceded to be formal and regular. That on the first writ, let it be conceded, is informal and therefore irregular. It shows nevertheless a search made for the defendant and the inability of the officer to find him and make known to him the character and contents of the writ. The judgment entered upon these returns is that the plaintiff have execution against the land. What have we to support it? We have first the successive writs of scire facias reciting the mortgage and the description of the land covered by it. The court acquired thereby jurisdiction over the rem. We have two returns showing the inability of the sheriff to make known the contents of the writs of scire facias to the mortgagor. These, if both returns were formal, would it is admitted be equivalent to a return of scire feci and give the court jurisdiction over the person. The judgment in that case would be perfectly regular, the court having jurisdiction both of the land mortgaged and of the person of the mortgagor.

Now the only possible objection to this judgment grows out of the fact that the return upon the first writ of scire facias is non est instead of nihil habet. We quite agree that nihil habet is the more comprehensive return and that it is the appropriate return to a writ of scire facias; but non est is a proper return to a writ of summons, and we cannot treat it as a nullity upon this writ of scire facias except at the instance of the defendant. If he should ask to set aside the judgment promptly on its coming to his knowledge and show that he had a family or a known agent in the county on whom service might have been made notwithstanding his temporary absence at the time, he would entitle himself to a hearing and to relief from the judgment to enable him to make his defence against the mortgage. But if he does not complain of the irregularity but acquiesces in the judgment it is not easy to see how any other person can justly complain. Moreover the irregularity in the sheriff's return is capable of amendment on motion. The courts treat such

a return as an irregular or defective return which can be made regular and formal by the officer on the proper application. The objection insisted on is therefore one that can be waived by the defendant, or cured by amendment. Such an objection is fatal to a judgment which is otherwise regular only when made by the defendant and within proper time after the judgment comes to his notice. The judgment itself is therefore not void but voidable, and the appellants do not appear to be in a position which entitles them to be heard upon the effect of the irregular return upon the first writ of scire facias.

They encounter the same difficulties when they seek to overturn the judgment because the rules of court were not strictly followed in entering it. The defendant, if injured by the irregularity, might complain of it and ask to have the judgment vacated; but if he is satisfied with the manner in which it was taken and with the amount found due upon the mortgage, it is not easy to see on what ground third persons, strangers to the mortgage, can be heard to object that the rules of court were not complied with as to the manner of taking a judgment which they are neither to receive nor to pay.

The remaining question relates to the tax title held by the plaintiff. This was considered fully when the case was here before, and our views upon it may be found in Brundred v. Egbert et al., 158 Pa. 552. The able argument presented by the distinguished gentleman who represents the appellants has led us to examine the question once more but we still adhere to the conclusions heretofore expressed. In tax sales as in judicial sales the sale is the method of enforcing a lien. What shall pass under the sale depends upon what was bound by the lien. The extent of the lien in tax cases must depend upon the assessment; for the lien of unpaid taxes is coextensive with the tract against which they were assessed. The question in this case was therefore, as we held in 158 Pa. 552, against what land were the taxes assessed? Upon that land the lien attached. To that land the tax sale passed the title.

The assignments of error are not sustained and the judgment appealed from is affirmed.