JOHN DOE, on the demise of WALTER E. SEALS, *vs.* RICHARD ROE, casual ejector, and GEORGE A. CHADWICK, tenant in possession.

*Case Stated—Mortgage—Scire Facias—Parties Defendant.*

1. In a *scire facias* on a mortgage, the only necessary party defendant is the mortgagor, if he be living, whether he continues to be the owner of the mortgaged premises or not. If the mortgagor be dead, his executor or administrator, if there be one, is the only necessary party defendant, whether the mortgaged premises be owned by heirs, devisees, or assigns subsequent to the mortgage.

2. All persons acquiring title to or right in mortgaged premises subsequent to the mortgage, take title subject to it, and such title or right is liable to be barred and divested by a sale and conveyance under proceedings by *scire facias* duly served upon the mortgagor, if living, or upon his executor or administrator if he be dead.

(*March 9, 1900.*)

LORE, C. J., and SPRUANCE, PENNEWILL and BOYCE, Associate Justices, sitting.

*T. Bayard Heisel* for plaintiff.

*William T. Lynam* for defendant.

Court in Banc.

Questions of law arising on a CASE STATED in an ACTION OF EJECTMENT (No. 87 November Term, 1895), directed by the Superior Court for New Castle County, to be heard by the Court in Banc.

SPRUANCE, J., delivering the opinion of the Court:

The material facts set forth in the case stated upon which arise the questions of law presented for our consideration are as follows:

Martin Seals, being seized in fee simple of a lot of land situate in New Castle County, with Louisa Seals his wife, in 1878

executed a mortgage upon said premises to the City Building & Loan Association, conditioned for the payment of a debt of four hundred dollars, which mortgage was thereupon duly recorded.

The said Martin Seals died in 1880 seized of said premises, and intestate, leaving to survive him his said wife, and three children, his only heirs-at-law, to whom the said premises descended under the intestate laws of this State, subject to the lien of the said mortgage.

Letters of administration upon the estate of the said intestate were duly granted by the Register of Wills of New Castle County to William Seals.

The said mortgage debt being due and unpaid, the said mortgagee sued out of the Superior Court for New Castle County to the May Term, 1881, a writ of *scire facias* upon the said mortgage against the said William Seals, administrator of the said Martin Seals, deceased, and Louisa Seals, surviving mortgagor, and *terre* tenant. The sheriff made return to the said writ as follows: "Made known to William Seals, administrator of Martin Seals, deceased, personally, April 20, 1881, and *Mortuus est* as to Louisa Seals, surviving mortgagor."

Judgment was rendered at the May term, 1881, for the sum of two hundred and ninety-six dollars and fifty-seven cents against the said administrator of the said mortgagor.

A writ of *levari facias* was afterward issued on said judgment under which the sheriff sold and conveyed the said mortgaged premises to the purchaser, the said building and loan association, and afterwards, in 1894, the said association conveyed all of its right, title and interest in said premises to the said defendant, George A. Chadwick, who has ever since been in possession of the same.

The said action of ejectment was brought by the said plaintiff, Walter E. Seals, one of the three children and heirs-at-law of the said intestate Martin Seals, for the recovery of the possession of one equal undivided third part of the said mortgaged premises.

The question presented for our consideration is, whether, by the law of this State, the said plaintiff, Walter E. Seals, should have been made a party defendant to the said action of *Scire facias* upon the said mortgage, in order that his equity of redemption in said mortgaged premises should be foreclosed or barred.

The proceeding by *Scire facias* for the foreclosure of mortgages and the sale of mortgaged land was first given to the counties now composing this State, by the act, entitled "An act for taking lands in execution for payment of debts," enacted during the administration of Lieutenant Governor Patrick Gordon, which extended from 1726 to 1736. (*1 Laws of Delaware, Chap. 46, p. 109, Digest of 1829, p. 204.*)

Section 5 of said act provides, that when default shall be made by any mortgagor or mortgagors, or by his, her or their heirs, executors, administrators or assigns, in payment of the mortgage money, or performance of the condition or conditions which they or any of them should have paid or performed, it shall be lawful for the mortgagee or mortgagees and "His, her or their heirs, executors, administrators and assigns, at any time after the expiration.of twelve months next ensuing the last day whereon the said mortgage money ought to be paid, or other conditions performed, as aforesaid, to sue forth a writ or writs of *scire facias*," requiring the proper officer "to make known to the mortgagor or mortgagors, his, her, or their heirs, executors or administrators, that he or they be and appear," etc., "to show, if anything, he, she or they have to say, wherefore the said mortgaged premises ought not to be seized and taken in execution for payment of the said mortgage money," etc.

The said section further provides for judgment in favor of the plaintiff, that he have execution by *levari facias*, " by virtue whereof the said mortgaged premises shall be taken in execution, and exposed to sale, and upon sale conveyed to the buyer," etc.; and that when the lands shall be sold as aforesaid, the person or persons to whom they shall be sold shall and may hold and enjoy

the same, etc.; "clearly discharged and freed from all equity and benefit of redemption, and all other incumbrances made and suffered by the mortgagors, their heirs or assigns."

This section remained in force, without change, until the codification of the laws in 1852, when it was condensed in form, but not altered in substance, except by the omission of the clause which restricted the issuing of the *scire facias* until the expiration of twelve months next after the last day appointed for the payment of the money or performance of the other conditions.

As so codified, this law has remained without alteration to the present time.—See *Secs. 55–59, Chap. 111 of the Codes of 1852, 1874 and 1893.*

The following are the parts of said Chapter 111 bearing upon the case:

"SECTION 55. Upon breach of the condition of a mortgage of real estate by non-payment of the mortgage money, or non-performance of the conditions stipulated in such mortgage, at the times, and in the manner therein provided, the mortgagee, his heirs, executors, administrators or assigns, may, at any time after the last day whereon the mortgage money ought to be paid, or other conditions performed, sue out of the Superior Court, of the county wherein the mortgaged premises are situated, a writ of *scire facias* upon such mortgage, directed to the sheriff of the county, and commanding him to make known to the mortgagor, his heirs, executors, or administrators, that he or they be and appear, before the said Court to show cause, if any there be, wherefore the said mortgaged premises ought not to be seized and taken in execution for payment of the said mortgage money, with interest, or to satisfy the damages which the plaintiff in such *scire facias* shall, upon the record, suggest for the non-performance of said conditions." Section 56 relates to the pleas of the defendant.

Section 57 provides for judgment that the plaintiff have execution by *levari facias*.

"SECTION 58. Under a *levari facias*, awarded as aforesaid,

the mortgaged premises shall be taken in execution, and after notice given in the same manner as in other cases of the sale of lands upon execution process, shall be exposed to public sale, and upon such sale and confirmation thereof, shall be conveyed by deed to the purchaser," etc.

Section 59 provides that the person to whom any lands shall be sold as aforesaid and his heirs and assigns, shall hold the same "discharged from all equity of redemption and all other incumbrances made and suffered by the mortgagor, his heirs or assigns."

It is insisted on behalf of the plaintiff, that in determining who are necessary parties in *scire facias* proceedings under this statute, we should be guided by the practice of Courts of Equity in foreclosure suits, as the intention to change a pre-existing law shall not be presumed unless the statute is clear and explicit.

We are unable to say whether mortgages were foreclosed by suits in equity in this Colony prior to the said act of 1726–36, but it is certain that Courts of Equity were held here long before that time; see preamble to *Chap. 28 (enacted in 1721), 1 Laws of Delaware, 83.* Shortly after the adoption of said act of 1726–36, and during the administration of Lieutenant-Governor Gordon, very full equity powers were given to the Court of Common Pleas, by *Secs. 21 to 25, Chap. 54, 1 Laws of Del., 130–2.*

The act of 1726–36 did not take away or alter the chancery method of foreclosure (*Fox vs. Wharton, 5 Del., Ch., 200*), but provided a new and different remedy at law, to which the practice in Courts of Chancery is not applicable.

The statute provided a convenient, simple and speedy remedy, which should be administered in accordance with the terms and intention of the statute, and without regard to the more cumbersome methods of Courts of Equity in foreclosure suits.

The following are important features of the statute, both in its original and codified form:

*First.* "Assigns" of the mortgagee are mentioned among those who may sue out the writ of *scire facias*, but "assigns" of

the mortgagor are not mentioned among those to whom the writ is to be made known. This appears to clearly indicate that "assigns" of the mortgagor, subsequent to the mortgage, need not be made parties defendant, or be notified of the writ.

*Second.* In the designation of those to whom the writ is to be made known, the disjunctive conjunction "or" is used.

From this we infer that the writ must be made known to the appropriate parties, viz., to the mortgagor if living, or if dead, to his executor or administrator, or if there be no executor or administrator, to his heirs, if they hold the equity of redemption.

*Third.* That the purchaser under the *levari facias* shall hold the mortgaged premises discharged of all equity of redemption.

The equity of redemption mentioned is not merely that of the persons made defendants in the *scire facias*, or of those to whom it has been made known, but all equity of redemption of all persons claiming under the mortgagor subsequent to the mortgage.

It is well settled in this State that a mortgage is merely a security for the payment of a debt or the performance of some other condition. The estate of the mortgagor in the land, remains in him, and passes to his assignee, devisee or heir, subject to the lien of the mortgage. What is called the equity of redemption is here the title to the mortgaged land, with the right to redeem it from the incumbrance of the mortgage.

The mortgagee takes by the mortgage no title to the land, but merely a lien upon it, which upon his dying intestate, passes, not to his heir-at-law, but to his executor or administrator.

A mortgage no more divests the title of the mortgagor in the mortgaged land than does a general judgment divest the title of the defendant in land bound by the lien of such judgment.

It is the familiar practice to sell lands of a decedent upon a general judgment against his executor or administrator, on report of referees or verdict of a jury, without making his heirs parties. It was decided in *Richardson's Admr. vs. Perteron, 2 Harr., 366,* that lands bound by a general judgment against a decedent, are

bound in the hands of the heir or devisee by a judgment on a *scire facias* against the executor or administrator, and that it is not necessary to make the heir, devisee or *terre* tenant a party in such *scire facias* to authorize the sale of the lands in the hands of the devisee or heir.

To the same effect is *Robinson's Admr. vs. Millby's Admr., 2 Houst., 387–398.*

The question now before us is not whether the heirs of the mortgagor were proper parties to the *scire facias* on the mortgage, but whether they were necessary parties in order to foreclose and bar their equity of redemption.

We have been able to find in our reports but two cases bearing directly upon this question. The first of these is *Mendenhall's Exr. vs. Ocheltree's Exr., 3 Harr., 292 (1840),* which was an action by *scire facias* on a mortgage against the executor of the mortgagor alone.

The Court say : "The sale on a *levari facias* issued on any judgment now to be recovered, would be of no more than the mortgagor's estate, whatever it is; discharged of the equity of redemption, and all other incumbrances of the mortgagor."

We have in this case, sixty years ago, the distinct recognition of the practice of making the executor or administrator of a deceased mortgagor the sole party defendant in the *scire facias;* and a declaration, in effect, that a sale in such case would be of the whole of the estate of the deceased in the mortgaged premises, discharged of the equity of redemption of his heirs-at-law.

While other parties than the mortgagor, or his executors or administrators, such as heirs or assignees subsequent to the mortgage, were sometimes made additional parties defendant, we believe it to have been the general and approved construction of the statute that this was not necessary, until the case of *Grant vs. Jackson & Sharp Company, 5 Del., Ch., 404,* decided in 1882, resulted in great doubt upon the subject.

This was a bill to redeem lands from the lien of a mortgage, and to have dower assigned therein.

The material facts were as follows: One Grant, being seized in fee simple of said land, with his wife, the complainant, executed a mortgage upon the same, and afterwards both joined in a deed conveying said land to one Susan Stafford, subject to said mortgage. A writ of *scire facias* upon said mortgage was afterwards sued out against the said Grant and wife, but was not served upon either of them, or upon Stafford, who then owned the land; the only service being upon certain persons who in legal contemplation were not *terre* tenants. Notwithstanding the want of proper service of the writ, judgment was rendered for the plaintiff, and the land was sold and conveyed under a *levari facias* issued thereon.

In commenting upon the obvious irregularities of these proceedings, the Chancellor said: "Our statutes authorizing the sale of mortgaged premises, for the payment of a mortgage debt, must be held as intending that those having a real and substantial ownership in the mortgaged premises, should have service of the writ in order that they may show cause why execution of the mortgage should not be made of their lands." And again, "The conveyance of the land by Grant and wife to Susan Stafford before the suing out of the *scire facias*, rendered it necessary that she should have been summoned as *terre* tenant of the land, in order that her estate therein might be bound by the judgment to be recovered on the *scire facias*, and to be taken in execution for the payment of the debt."

As the bill was very properly dismissed upon the ground that the complainant was barred of her dower by joining with her husband in the conveyance of their whole interest and estate in the land, the above quoted remarks may be regarded as somewhat *obiter*, but, however this may be, we emphatically dissent from the proposition that it is necessary in *scire facias* proceedings upon mortgages, to make parties defendant, or to serve with the writ, all persons having "a real and substantial ownership in the mortgaged

premises," acquired subsequent to the mortgage, in order to foreclose and bar such ownership.

Pennsylvania, Ohio and Illinois are the only States, so far as we know, having statutes relating to the foreclosure of mortgages by *scire facias,* similar to our own.

*Sec. 3 of Chap. 152, 2 Statutes at Large of Pennsylvania, 247,* adopted in 1705, is almost identical with said Section 5 of our own act of 1726–36.

The following cases were under the said act of 1705.

In *Mather vs. Clark, 1 Watts, 491 (1833),* it was held that it is not necessary to give to the *terre* tenant, holding the mortgaged premises under a conveyance by the mortgagor subsequent to the mortgage, notice of the *scire facias* on the mortgage, or to make him a party to the proceedings in any way, in order to make a good and valid sale of the premises under such proceedings.

*Mervey's Appeal, 4 Pa. St., 80 (1846),* decided that the said act of 1705 did not require that the *terre* tenants, or purchasers under the mortgagor, should be made parties to the proceedings by *scire facias* on a mortgage.

In *Tyron vs. Munson, 77 Pa. St., 250 (1875),* being a *scire facias* against the administrator of the mortgagor, the heirs of the mortgagor not being parties,—it was held, that under the said act of 1705 the administrator was the proper party ; that it was not necessary to make the heirs parties ; that the proceeding was binding on the heirs ; that the effect of the sale was to transfer the estate to the purchaser as fully as it existed in the mortgagor at the time of the mortgage, and that the sale extinguished the title of the heirs.

A statute of Ohio, "adopted from the the statutes of Pennsylvania," authorized " a writ of *scire facias* against the mortgagor or mortgagors, or his, her or their heirs, executors or administrators."

In *Biggerstaff vs. Loveland, 8 Ohio, 44 (1837),* the *scire facias* was against the administrator of the mortgagor alone.   The Court say, " the object of the statute was to give a summary remedy to

the mortgagee, by enabling him in one action to recover or liquidate his debt, and to subject the landed security to the satisfaction of it." "It is the contemporaneous construction that must govern, and we believe that construction to have been that where a *scire facias* was sued out after the death of the mortgagor, it might be sued out, according to the words of the act, against either the executor, or administrator, or against the heir, according to circumstances.

"If there was a personal representative, the suit must be commenced against him; if not, then against the real representative."

*Held* that the sheriff's sale divested all interest of the plaintiffs,—the heirs-at-law of the mortgagor.

This decision was followed in *Highway vs. Pendleton, 15 Ohio, 735 (1846)*.

The statute of Illinois giving the remedy by *scire facias,* required the officer to whom the writ is directed, "to make known to the mortgagor, or if he be dead, to his heirs, executors or administrators, to show cause, if any they have, why judgment should not be rendered," etc.

In *Rockwell vs. Jones, 21 Ill., 279 (1859),* the *scire facias* was against the administrator of the mortgagor; his heirs not being parties. The Court referring to the above quoted provision of the statute, say :

"This language is clear and explicit, that the plaintiff may, when the mortgagor is dead, at his election, make either the heirs, executors or administrators defendants, as he may choose. The language is in the disjunctive, and we can, by no known rule of construction, say that it requires the heirs to be parties, if the plaintiff shall choose to proceed against the executors or administrators. The writ was manifestly in compliance with the statute, and was therefore against the proper parties." * * * "The judgment," * * "must have precisely the same effect as if it were against the mortgagor himself, if he were living."

In *Chickering vs. Failes, 26 Ill., 508 (1861),* it was held that a proceeding to foreclose a mortgage *scire facias* is governed by

the practice of Courts of Law, and not of Courts of Equity; that no persons but the mortgagor, or in case of his death, his executor or administrator, are required to be made parties, and that assignees in bankruptcy and subsequent purchasers and incumbrancers are required to take notice of proceedings by *scire facias* and to protect their own rights.

Public policy would seem to favor that construction of our statute which would tend to encourage loans upon the security of real estate, and thus promote improvements.

To require the holders of mortgages to trace out all subsequent devolutions of title, and bring into Court all persons interested in the mortgaged premises as heirs, devisees, assignees or incumbrancers, would often be extremely inconvenient if not impossible.

Our statute imposes upon the holders of mortgages no such burden.

The only necessary party defendant is the mortgagor, if he be living, whether he continues to be the owner of the mortgaged premises or not. If the mortgagor be dead, his executor, or administrator, if there be one, is the only necessary party defendant, whether the mortgaged premises be owned by heirs, devisees, or assigns subsequent to the mortgage.

All persons acquiring title to or right in mortgaged premises subsequent to the mortgage, take subject to it, and such title or right is liable to be barred and divested by a sale and conveyance under proceedings by *scire facias* duly served upon the mortgagor, if living, or upon his executor or administrator if he be dead.

We are therefore of the opinion, that by the law of this State, the said plaintiff, Walter E. Seals, was not a necessary party in said action of *scire facias* in order that his equity of redemption in said mortgaged premises should be foreclosed or barred, and that his equity of redemption in said premises was barred and divested by the said sale and conveyance under the said *scire facias* proceedings.

It is ordered that this opinion be certified to the said Superior Court for New Castle County.