## Fidelity-Philadelphia Trust Co. v. Smith et al.

*Paul Reilly,* for petitioner.
*John R. Umsted* and *Ralph B. Umsted,* for respondents.

ALESSANDRONI, J., April 21, 1939.—This is a proceeding under the Act of April 20, 1905, P. L. 239, 12 PS §2571, which provides a method by which a purchaser of real estate at a judicial sale may obtain possession. The petition follows the requirements of the statute, describing the property, averring petitioner's title, and setting forth that the party in possession has been notified of petitioner's title and that demand has been made to vacate premises, which demand has been refused.

In his answer, respondent, John Bryson, denies that petitioner acquired any title to the premises on the ground that the sheriff's sale was ineffective to give him title because Frances Coltenhouse, who was described as the real owner in the mortgage foreclosure proceedings, died prior to the institution of such proceedings, leaving to survive her a husband, a sister, and a brother, John Bryson, who is the respondent in this action. Petitioner in his reply avers that the death of the real owner, Frances Coltenhouse, was unknown to him because she married prior to her death, which marriage does not appear of record. Moreover, title to the said real estate was maintained in the name of Frances Coltenhouse.

The Act of 1905, supra, was designed to afford to purchasers at judicial sales possession of the property without subjecting them to the expense and delay of litigation in ejectment against recalcitrant debtors or terre-tenant. The Act of July 9, 1901, P. L. 614, sec. 1, as amended by the Acts of April 23, 1903, P. L. 261, and April 24, 1931, P. L. 56, sec. 3, 12 PS §309, provides that:

"The plaintiff . . . in any writ of scire facias sur mortgage . . . or some person on his behalf, shall file with his præcipe an affidavit, setting forth, *to the best of his knowledge, information and belief*, who are the real owners of the land charged . . .". (Italics supplied.)

The failure to file such an affidavit does not render the judgment on the scire facias a nullity, but if the act is not complied with the heirs are permitted to set up any defense against the purchaser of the land at the sheriff's

sale that they might have set up on the trial of the scire facias if they had been made party to that proceeding in the manner prescribed: Gelston v. Donnon, 44 Pa. Superior Ct. 280; Lyle v. Armstrong (No. 2), 235 Pa. 227, 230; Moyer et al. v. Diehl et al., 130 Pa. Superior Ct. 115, 119. In such a case the only possible defenses that might be set up are payment or release: Mather v. Clark, 1 Watts 491; Gelston v. Donnon, supra, at p. 286. Neither of these defenses has been set forth by respondent in his answer to the petition.

In this case, moreover, petitioner did comply with the provisions of the act and did file an affidavit based on knowledge, information and belief in which Frances Coltenhouse was designated as the real owner. Under the terms of the act, therefore, it would appear that petitioner has complied with the duties imposed upon him.

A similar situation was presented to the court in the case of Maier v. Lindsay, 13 Dist. R. 438. In that case a writ of scire facias was issued directed to " 'Anthony Burton, mortgagor, and Amos Burton, real owner.' " It appeared, however, that Annie E. Burton was the real owner of the premises at the time the writ was issued. In disposing of this objection the court, in an opinion by Martin, P. J., said at page 439:

"The parties were summoned to show cause why the land described in the writ should not be taken in execution for payment of the mortgage. It was in no sense *in personam*, and no other writ could issue than one to sell the land: Wilson v. McCullough, 19 Pa. 77. The judgment was sufficient to support the *levari facias* and sheriff's sale which followed. Catherine J. Lindsay, the respondent in this proceeding, was not the mortgagor or a party to the suit, but a stranger to the record, who now attempts, in a collateral proceeding, against a *bona fide* purchaser at a sheriff's sale for a valuable consideration, to attack the judgment. Although there may have been no jurisdiction over the person of the owner of the fee, the court

acquired jurisdiction of the *rem*, and the judgment was entered that the plaintiff in the mortgage proceeding have execution upon the land. While such a judgment, entered in the absence of the real owner, may be voidable as to him, so that an application promptly made to open would enable him to make defence, if his rights had been injuriously affected without opportunity to be heard, where he does not complain, and the mortgagee and the defendant in the proceeding and the *terre-tenant* acquiesce in the judgment in the manner in which it was entered, and the amount found due upon the mortgage, a stranger to the mortgage cannot be heard to object to a judgment which she is neither to receive or pay: Brundred v. Egbert, 164 Pa. 615."

Furthermore, it appears that respondent, John Bryson, asserts no right, title or interest to the premises and made no attack upon the sheriff's sale prior to the acknowledgment and delivery of the sheriff's deed. Under these circumstances respondent, a stranger to the record, can only attack the right of possession of the purchaser from outside the wall of possession: Meskunas v. Puskunigis, 33 D. & C. 124. In Brundred v. Egbert et al., 164 Pa. 615, 622, the court said:

". . . it is not easy to see on what ground third persons, strangers to the mortgage, can be heard to object that the rules of court were not complied with as to the manner of taking a judgment which they are neither to receive nor to pay." See also Maier v. Lindsay, supra.

It has long been established that a party in possession cannot collaterally attack a judgment in foreclosure and the sheriff's deed except for fraud in the manner of obtaining a judgment. So far as the record indicates, the proceedings in this case were regular and the attack by respondent is based upon facts dehors the record. In such case the acknowledgment and delivery of the sheriff's deed protects the purchaser: McLanahan et al. v. Goodman et al., 265 Pa. 43; Radnor B. & L. Assn. v. Scott et al., 277 Pa. 56. This court is, therefore, of the opinion that

respondent's answer is without merit and petitioner is entitled to judgment upon the whole record in accordance with section 8 of the Act of April 20, 1905, P. L. 239.

And now, to wit, April 21, 1939, judgment is entered in favor of the Fidelity-Philadelphia Trust Company in trust for the West Laurel Hill Cemetery Lot Holders Fund against John Bryson upon the whole record in accordance with section 8 of the Act of April 20, 1905, P. L. 239.