## Burdick *against* Norris.

An amicable action upon a recorded mortgage, an appearance by the defendant, and confession of judgment; a *levari facias* thereupon, which recites the mortgage, and particularly describes the land, and a sale thereupon by the sheriff, is good evidence for the purchaser in an ejectment for the land, although the agreement to appear and confess judgment does not describe the mortgage or the land.

In an action of ejectment, a verdict for the plaintiff " for the land claimed in the writ, except ten acres, including the buildings,"(is too uncertain; but the defect is cured by an agreement of the plaintiff, filed in the supreme court, to permit the defendant to take the land reserved to him, at his election, as regards the boundaries.

WRIT of error to *Tioga* county.

This was an action of ejectment for a tract of land, by Joseph P. Norris against Jesse Burdick, William K. Burdick and William Cowen. The plaintiff, in order to maintain the issue on his part, after having shown the title to have been in James Strawbridge, offered in evidence a certified copy of the record of a judgment in the circuit court of the United States, at the suit of Pearson Hunt against James Reed and others, executors of James Strawbridge deceased, which was there entered, in pursuance of an agreement by the defendants, on the 18th of February 1815, and which was in these words:

" We agree that this action be entered in the circuit court of the

[Burdick v. Norris.]

United States, for the district of Pennsylvania, as of October sessions 1814, as though a scire facias had issued upon the mortgage upon which the action is founded, and that judgment be therein entered in favour of the plaintiff, for 25,959 dollars and 50 cents, with costs of suit. But the said judgment is not to be considered as an admission of assets."

This record contained a copy of the *levari facias* issued on this judgment, which included the land in question. The evidence was objected to, and the objection was overruled by the court, and the counsel of the defendant requested the court to instruct the jury on this point: " that the record of the judgment, in the court of the United States, is not a judgment against the land in question; and that the proceedings on that judgment, as given in evidence, could not transmit any title to the land in question, to the purchaser at marshal's sale; and therefore no title is traced to the plaintiff."

The court below was of a different opinion and so instructed the jury, who, accordingly, found a verdict for the plaintiff.

The admission of the evidence was assigned for error.

*Williston,* for plaintiff in error, cited, 2 *Saund.* 72, *h*; 10 *Serg. &* *Rawle* 173.

*Parsons* and *Lewis,* contra, cited, 2 *Serg. &* *Rawle* 156; 7 *Serg. &* *Rawle* 269; 10 *Serg. &* *Rawle* 262.

PER CURIAM.—The judgment on the mortgage might be too uncertain to affect a third person; and did the lien on which the land was sold arise from it, and not from the mortgage, it might be insufficient to hold the land, to the exclusion of other creditors. But for the purposes of lien and execution, the mortgage, being of record, was itself in the nature of a judgment, which required but a *scire facias* to give the creditor an execution; and that might undoubtedly be waived by the debtor, in despite of the objection of any one else. The difficulty in the present instance is to attach the agreement of waiver to this particular mortgage, as there may have been others for which it possibly was intended. But since the creditor has attached it to the land by an execution, the propriety of which has never been disputed by the mortgagor, who had alone a right to question it, on what ground shall we listen to the objection of a stranger? As to the remaining point, the verdict in the present action is perhaps uncertain; but as the plaintiff has filed an agreement to permit the defendant to take the land reserved to him, at his election, as regards the boundaries, the defect is cured by it; just as the defect in a verdict is cured by releasing the excess of damages found, above the sum laid in the declaration; which may undoubtedly be done in the court below; and the increasing liberality of courts of error, renders it unnecessary to send the record back to have it done there, previous to an affirmance of the judg-

[Burdick v. Norris.]

ment here. The agreement will go back with the record, and the court below will take care to see it executed.

Judgment affirmed.