Conyngham, P. J.
Two questions under the facts submitted have been argued by counsel, while there is a third one, which, in our opinion, must arise; these we shall notice in order.
The first point raised is, that even supposing the proceedings upon the scire facias sur mortgage, with the judgment therein, to be so far correct, as it respects form and record, it cannot now avail the defendants claiming under a sale by virtue thereof, because from the showing of the mortgage, it is manifest that the whole mortgage money was not due at the time of commencing the suit, and that in consequence, the statutory period for issuing a scire facias thereon, had not then arrived. We are certainly inclined to think, that under the special clause in the mortgage, which has been referred to, this proper period for issuing a scire facias under the statute had not arrived; while ■other remedies might have been open to the mortgagees for the recovery of particular installments, we do not discover, that the -maturity of all the installments had been agreed to, so as to' authorize our statute remedy ; it is probable then, that, if the defendant had contested the recovery he might have defeated the plaintiff in that writ.- The defendant, however, waived this right, and gave upon a new consideration, a confession of a judgment, stipulating for a stay of execution ; upon the payment ■of more favorable installments, than he was entitled to claim under the mortgage. These installments, however, were not paid, and in accordance with the terms of the confession of judgment, a levari facias was issued, the property finally sold and bid off by the defendants, who are now in ¡Dossession.
*527 The claim of the plaintiff here, is a proposition to enquire collaterally into the validity of the above mentioned judgment by referring to what would have been the evidence necessary for the then plaintiffs in attempting to sustain their action, if the then defendant had contested a recovery. But what have we now to do with that evidence. The Court had jurisdiction of the scire facias sur mortgage, and if the cause of action and the validity or maturity of that cause of action, cannot now be collaterally inquired into, by his confession of judgment, the defendant admitted all of this, and is estopped now from denying it. It is a mistake to argue, that this Court had no jurisdiction, unless it be now shown, that the last installment of the mortgage had been due a full year at the time of suit brought. While .as we have said, we are inclined to think, that under the terms of the mortgage a scire facias would not regularly have issued to recover a single installment, yet from the principles set forth in Huling vs. Drexell, 7 Watts 128; and Kennedy vs. Ross, 1 Casey 256 ; this was to be considered a personal privilege of the defendant which he could waive, and which in this ease he did waive by the confession of judgment. We can find no rule, which will justify us in looking behind the judgment of a Court of competent jurisdiction to enquire into the evidence upon which the action was founded.
If we assume then the point of jurisdiction, it is clearly not in the power of the then defendant, or those claiming under him subsequent to such proceedings as is the case ' with the present defendants, to collaterally assail the former judgment of the •Court, upon this alleged statutory difficulty. It is unnecessary to do more than refer to various cases which have been decided upon this subject to sustain' the doctrine of the validity of a judgment thus collaterally attacked. In Allison vs. Rankin, 7 S. & R. 270, a judgment was considered sufficient to support a sale under a levari facias, in a collateral suit, though entered upon the return of only one nihil; see also Colley vs. Latimer, 5 S. & R. 211; Blythe vs. McClintic, 7 S. & R. 341. It should be borne in mind, in order to understand the application of these cases that the present proceedings were commenced and prosecuted to judgment while Mr. Harding remained the owner of the *528 land, so that the present lessors of the plaintiff, did not purchase for some months after such judgment, so that they were not terre-tenants entitled to ask for notice of the scire facias, or the amicable action when it was entered, or the confession of judgment revived. In the ease of Mr. Hall, there is in his deed an express reference to this very action and judgment in the deed of Charles Thompson reference is made “to any judgment or costs that are or may he recorded against the said Gr. M. Harding by virtue of the mortgage aforesaid in the other deeds, so far as shown, there is a general reference to the mortgage ; and there is a stipulation in all the deeds for the venders to pay their proportions of the same. Looking to the period of the several purchases, the proceedings to foreclose the mortgage and the judgment thereon, but before a levari facias must be considered lis pendens ; see Sugden vs. Vendors, 1044 note. The purchasers from. Mr. Harding, under such circumstances, would stand in no better situation than he would have done. "We proceed further to notice several other cases. In Warder vs. Tainter, 4 Watts 270, a sale under a mortgage, .judgment was sustained, though the defendant was dead at the time of issuing the writ, the return of two nihils being regarded sufficient for the judgment. The whole doctrine of these cases, however, is -fully re-examined in the case of Yaple, et al. vs. Titus, et al., 5 Wright 195, where Mr. Justice Strong in an elaborate opinion reviews the various authorities, and re-affirms the doctrine we have already stated. But the strongest case, we find, is the late one of Ross, et al. vs. Lynch, et al., reported in the 2 Pittsburg Reports 472, where the Supreme Court, through Mr. Justice Woodward, supports a sale under a levari facias, where a judgment had been entered against husband and wife in a scire facias upon a mortgage given by the husband and wife, though the mortgage was defectively acknowledged by Aer, the wife, and therefore really not binding upon her ; but because when served with the writ she neglected to make this defence but suffered judgment to pass, she could not afterwards set it up collaterally. We refer also to the cases of Feger vs. Kroh, 6 W. 294, and Hazelett vs. Ford, 10 Watts 101. Looking to this principle decided in the several cases we have cited, we are unable to see why Mr. Harding and his subsequent venders are not *529 now to be considered in this collateral inquiry bound by the judgment and proceedings thereon, if in other respects they have validity.
We now consider the next question raised in the argument, and proceed to examine the record of the amicable scire facias, to see if an$- title passed under the proceedings to the purchaser at Sheriff’s sale ; if it did not then the judgment can have no effect in the present case.
The record shows that the proceedings were commenced by an amicable agreement to enter “a scire facias sur mortgage recorded in Luzerne County in Mortgage Book No. 10, page 552, to have the same force and effect as if a scire facias had been regularly issued, served andreturned.” Subsequently a rule of reference was entered by plaintiff and arbitrators chosen, but they do not appear to have had any meeting. On the 10th of December, 1856, the defendant signed an agreement, entitled in the action, calling it “a scire facias sur mortgage, recorded in Luzerne Mortgage Book No. 10, page 552,” by which for an alleged valuable consideration, “and in order to prevent the further accumulation of costs,” he confessed judgment in the above action for the amount of the unpaid mortgage money, stipulating, however, for payments by installments, carrying them on to November 15th, 1859, about five months more than a year from the time the last installment in the original mortgage became due; by the same agreement the lien and collection of the debt was restricted to the land described in the mortgage then before referred to. No description of the property was at any time filed or appeared on the record, until the issuing of the first -levari facias; after the issuing of the first levari facias the defendant came into Court, and asked to have the writ stayed upon the ground that certain railroad buildings and other improvements upon the property were not noticed in the Sheriff’s advertisement — this seems to have stayed a sale at that time, and the record then shows that a stay of execution for one year under the stay law of 1857 was obtained by the defendant (this order could only have been obtained upon a valuation of the property by the Court) — after this year’s stay an alias levari facias was issued, the improvements being added to the description by leave of the *530 Court; this writ was also set aside by the Court, the counsel for the plaintiff consenting to have a rule for this purpose made, absolute, and the property was finally sold in February, 1859, under a pluries levari facias, and a deed thereof duly delivered to one of the present defendants, who subsequently conveyed separate interests to the other defendant.
It is claimed as an objection to the effect of this record, that the judgment recorded in the same, is not in rem, but is in fact a judgment in personam; we cannot, however, so construe the agreement confessing the judgment. It purports to be a judgment in a scire facias sur mortgage, which though entered by the individual, is necessarily a judgment against the property mortgaged. A judgment in such a scire facias, is ordinarily so entered ; if a verdict be rendered in Court, in practice it is a verdict between A B plaintiff and C I) defendant without naming the particular property,- to be rendered liable for the debts. It is true, that by the agreement the amount is made payable by installments, and the lien and collection of the judgment is confined to the mortgaged property. This latter clause was entirely useless, and in fact is uncertain and incorrect in the use of the word “lien,” but as it seems to us it is more proper to construe it as a judgment against the property, than by a violent construction to hold, that the proceeding which had commenced in rem, was thereby turned into a personal suit and a personal judgment against Mr. Harding, the effects and incidents of such a personal judgment being at the same time taken away, by confining the lien and collection only to the property, which would be liable to an ordinary judgment in rem. The suit was commenced as a scire facias and judgment was confessed in it as such, and if we had been asked at the time of filing the agreement, we would have had no difficulty in construing and moulding the judgment, so as to have entered it against the mortgaged property in the hands of Mr. Harding ; it would be a strange sort of a personal judgment, to be only collectable out of a certain portion of real estate.
But we are further asked in the authorities of Wilson vs. McCullough, 7 Harris 77; to disregard all these proceedings on the ground that from their vagueness and uncertainty, no transfer *531 >of the title to the land could pass ; this is claimed upon the broad ground, that there was no description of the property filed in the suit. There is a distinction, however, between the cases; in that reported case, there ivas no reference to a mortgage, either by date, description or place of record ; here, as well in the ■original agreement entering the action, as in that for the confession of judgment, there is a distinct reference to a mortgage, with the book and page of its record in the proper County office. It is true this is not the record of the Court, but it is a known .and ascertained record, to which resort would be had for every requirement to make the matter certain and definite. If at the time of the entry of the judgment, the plaintiff had moved the ■Court for leave to file the description of the property, from the record referred to in the agreement, in order to enter the judgment in due form and proper language, the Court would have made such an order without hesitation by way of amendment. It was .a proper subject for amendment, as it was a mere ■description of that which the parties, by their agreement in writing, made entirely certain ; id certum est quod certum reddi potest. Now if this was but an amendable matter, with sufficient matter upon the record to amend by, is it not proper and right between the same parties or those claiming under them to look upon the thing as if actually done ? Here the parties so treat it; after the description is included by th.e plaintiff in the first levari facias, the defendant comes into Court, and recognizing it as the description of the land covered by the mortgage, asks to have it amended by an added reference to improvements upon the tract — afterwards a stay of execution depending on the value of the property is obtained by the defendant, and the property with the amended description furnished by the defendant is afterwards sold and bid off by the plaintiff, and the amount of the bid duly receipted upon the execution. Can it be that after all this proceeding with enough upon the record to show that it is all right, with the agreement to be implied from the conduct of the defendant, that it is all right, we are called upon by an .arbitrary rule of practice to pronounce, the whole proceeding entirely invalid from its vagueness and uncertainty ? Should we not rather hold that this alleged, difficulty being at all times amendable by the Court on motion shall now be con *532 sidered amended ? We are referred to the expression in the opinion in Wilson vs. McCullough, that “it is certainly essential to ■a record that it should contain within itself all that is necessary for its completeness,” but immediately preceding the judge says : “We find no such judgment here, and no materials out of which it can be framed.” In the case now before us the reference was-so accurate and exact, that the proper materials now at hand,, and from the reference on record, upon motion, could have been furnished to the Court.
We recognize the decision in Wilson vs.'McCullough as binding upon us, and do not mean to object to it, yet we are not disposed to extend it beyond the case then decided. So far as we can understand the facts set forth by the reporter, there was nothing in the record then to identify any mortgage, nothing found in the record itself, upon which the Court could have been asked to amend; nothing in the record by which that which was uncertain could have been made certain. The special plea of Mr. Wilson in all probability alluded only in general terms to the-lands and tenements embraced in the mortgage recited in the scire facias, where no such writ was issued. We have already stated how the present case differs from that. We are admonished to be thus particular, inasmuch as there are at least two cases in the reports in which the Supreme Court have, in some respects taken a different' view of this question, and which do not seem in words to have been expressly overruled, as they are not-noticed in the later decision. The first of these cases we mention ; one former judicial connexion with Tioga County enables-us to know, had been regarded as a rule of practise and property there. In the case of Burdick vs. Norris, 2 Watts 28 ; title was decided to have been obtained under an amicable scire facias sur mortgage, judgment and sale, where the reference was altogether more indefinite than in the present case; and again in Morris vs. Buckley, 11 S. & R. 168; where an amicable scire facias sur mortgage containing in the agreement only “a description of the mortgage” was questioned, it was adjudged sufficient to justify a judgment upon the mortgage though the report speaks of no description-of the land being filed. There is in this case a reference on the Court record to the County records, which every-. *533 body understands; such a reference, when seen, is notice to all the world of the mortgage, and consequently of the land described in it, and its whole contents; the whole record is pre-sumed to be under the eye of the Court at the time of the entry ■of the judgment, yet we are asked to consider the eyes of the judges closed, to what the entry upon their own record would give them notice of, and that, too, in favor of a party to the rec■ord or those claiming under him, who are to be considered -equally affected with notice. Suppose the old form of ejectment had been in force among us, and the mortgage had commenced qDroceedings to recover the possession under a description much more vague than the present, the assumption of the necessary completeness of a record in itself, would not prevent a resort to other evidence to show the property mortgaged. But in this •case the reference is not to more floating matter in pais, to ascertain which it would be necessary to resort'to the testimony of witnesses, but it is to a clear and certain record. A reference such as this is countenanced by the acts relating to practise in the Philadelphia District Court, authorizing judgments for Want •of affidavit of defence, and we have held in similar cases under ■our rules of Court a brief reference to some other record in our ■own Court, or to the County records to be sufficient to sustain :such judgments.
Again, while we know there is a distinction between the proceedings upon a mortgage, and the levy in a personal action upon real estate, still there is an analogy between them, as they are, -each of them, process for the collection of a debt. In the ease •of a levy, extrinsic evidence is often resorted to, in order to identify property. Thus in Inman vs. Kutz, 10 Watts 90; where there was a levy upon land as “the heirship of I. I. in the ¡real estate of R. I.,” the record of the Orphans.’ Court of the ■County was referred to, so as to ascertain what the heirship was - — and in Harper vs. The Bank, 7 W. & S. 210; proceedings before the Board of Property were received in evidence to explain the identity of the land levied on. Other cases of the same -character are to be found in the books.
Upon considering all the facts submitted, we are inclined amder the circumstances of the case, to hold 'the sale under the *534 ,levari facias binding, so as to pass the title to the land in question. There can be, we think, no dispute about the intention of the parties in their different agreements, as a plain reference to-the record, renders it entirely certain — aud under the legal view' wo have already stated, we are not disposed to declare the title-of the present defendants invalid. We prefer to take this course-also, because there is another point in the case which rules it in-favor of the defendants, aud should this case go the Supreme* Court, it will bring all the questions there for adjudication.
The defendants m possession are the mortgagees in the mortgage given by Mr. Harding — the plaintiff is the lessor of those who claim under Mr. 'Harding, and who, by their conveyances took the property under an agreement to pay the amount accruing thereby. This suit, then, in fact is by mortgagors against mortgagees, the latter being found in possession after the-period fixed for the payment of the mortgage money. There is-no evidence, that the defendant acquired the possession either by force or by fraud or in any way unlawfully, or by undue means,, and we do not see how the mortgage debtors can recover against them in a suit like the present, without showing a previous tender of the money due to them, even if their claim rests upon the mortgage alone. Without any evidence, we cannot say their occupation of the premises is illegal.
Judgment is entered for the defendant..