## Gelston, Appellant, *v.* Donnon.

*Mortgage—Amicable scire facias—Waiver of service—Confession of judgment—Judgment—Description of property—Affidavit of ownership.*

1. Where a præcipe for an amicable scire facias sur mortgage describes the mortgage by its date, the date when it was recorded, and the book and page of the mortgage book in which it was entered, and there is filed with the præcipe a waiver by the widow and adminis-

tratrix of the mortgagor of service of the writ, and there is also filed a power to confess judgment, on which judgment is entered, and the land is sold under a levari facias which fully described the land, the judgment cannot be attacked as against the land because no scire facias actually issued, and no description of the land was filed in the case. Wilson v. McCullough, 19 Pa. 77, distinguished.

2. An omission to file an affidavit of ownership with a præcipe for a scire facias sur mortgage, as provided by the Act of July 9, 1901, P. L. 614, as amended by the Act of April 23, 1903, P. L. 261, does not render a judgment entered in the case invalid as against the land. The effect of the omission is that the heirs may make any available defense against the purchaser of the land at sheriff's sale, that they might have set up on the trial of the scire facias in case they had been made parties to that proceeding in the manner prescribed by the act.

3. Where the widow and administratrix of a mortgagor confesses judgment to an amicable scire facias sur mortgage, a purchaser after a sheriff's sale in the proceedings is not affected by any misrepresentations that the administratrix had made in her application for letters of administration as to the decedent leaving no children, in the absence of evidence that the purchaser was in some way a party to the representations and knew this to be untrue.

Argued April 22, 1910. Appeal, No. 96, April T., 1910, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1906, No. 178, on verdict for defendant in case of Thomas P. Gelston and Annie V. Smith v. John T. Donnon. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Ejectment for land in the nineteenth ward of the city of Pittsburg. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*Morton Hunter*, for appellants.—This case is ruled by Wilson v. McCullough, 19 Pa. 77. See also Brundred v.

Egbert, 164 Pa. 615; Wheelock v. Harding, 4 Pa. Superior Ct. 21.

When the land is the rem of the case to which the jurisdiction attaches it must certainly be somewhere fully described in the records of the court: Prouty v. Marshall, 36 Pa. Superior Ct. 527; Lancaster v. Smith, 67 Pa. 427.

The record of the mortgage forms no part of the record of the sci. fa. sur mortgage: Hartman v. Ogborn, 54 Pa. 120.

The requirement that an affidavit of ownership be filed with the præcipe is jurisdictional: Park Bros. & Co. v. Boiler Works, 204 Pa. 453; Excelsior Saving Fund v. Cochran, 220 Pa. 634; Suter v. Findley, 5 Pa. Superior Ct. 163; Barrell v. Adams, 26 Pa. Superior Ct. 635; Uhler v. Moses, 200 Pa. 498.

The plaintiffs also contended that the defendant's acquisition of title was fraudulent and a nullity as respects the plaintiffs. It is assigned for error that the court did not submit this question to the jury: McGranighan v. McGranighan, 185 Pa. 340.

*Arthur B. McBride*, for appellee, cited: Burdick v. Norris, 2 Watts, 28; Morris v. Buckley, 11 S. & R. 168; Inman v. Kutz, 10 Watts, 90; Harper v. Bank, 7 W. & S. 204.

OPINION BY RICE, P. J., October 10, 1910:

In 1904 Thomas Peter Gelston, otherwise called Peter Gelston, died intestate, seized of the lot of land in controversy, and left to survive him Mary A. Gelston, his widow, and Thomas P. Gelston and Annie V. Smith, children of a deceased son of Thomas Peter Gelston and a former wife. On December 8, 1892, the decedent had executed and delivered to Joseph Fawell a mortgage for $300 upon the property, which was duly recorded. Letters of administration upon the decedent's estate were issued to the widow. On January 19, 1906, the mortgagee filed a præcipe for "amicable sci. fa. sur mortgage of

Peter Gelston now deceased," describing the mortgage by its date, the date when it was recorded, and the book and page of the mortgage book in which it was entered. With this præcipe were filed, as parts of the same paper, the affidavit of the mortgagee's agent that the whole amount of the mortgage with interest from June 8, 1898, was due and unpaid, and the following signed by Mary A. Gelston as widow and administratrix of the decedent: "And now, to wit, January 19, 1906, I, Mary A. Gelston, widow and administratrix of Peter Gelston, deceased, defendant, do waive service of the writ by sheriff and accept service of the same as if it had been regularly served and do hereby appear and confess judgment against myself as administratrix aforesaid and against the estate of Peter Gelston, deceased, in the sum of four hundred and fifty-eight and eighty-five one-hundredths dollars and costs of suit, without stay of execution, which execution may issue forthwith, and with release of all errors." Judgment was entered accordingly, and thereupon a levari facias issued, under which the land was sold by the sheriff and deed made therefor to John T. Donnon, who was afterwards made defendant in this action of ejectment. At the time of the institution of the action of scire facias, and of the judgment and sale, the premises were occupied by Mary A. Gelston.

1. It is urged that the land was not bound by the judgment because no scire facias actually issued and no description of the land was filed in the case. But the præcipe and the paper signed by the widow and administratrix must be taken together, and, being so construed, they constituted an agreement for an amicable action and a confession of judgment therein, whereby the actual issuing and service of a scire facias was dispensed with. "The practice of entering an amicable action without writ, is very ancient in Pennsylvania, and very convenient. The issuing of the writ is dispensed with, but it is considered as having been issued, and may be filed at any time:" Morris v. Buckley, 11 S. & R. 168. True, in Wilson v.

McCullough, 19 Pa. 77, it was held that there was nothing upon which a valid judgment could be entered, where the præcipe for scire facias contained no description of the land or mortgage and no writ was issued, counsel for the mortgagor having waived issuance and service of the writ. The reasoning by which this conclusion is sustained, is that a proceeding upon a mortgage, whether by scire facias actually issued and served, or by amicable action in which actual issuance and service of scire facias are waived, is purely a proceeding in rem and, therefore, the record must contain the materials out of which a formal judgment may be framed that the particular tract covered by the mortgage in suit, or so much thereof as may be necessary, be sold for the payment of a certain sum of money due on the mortgage. In the case cited this essential was entirely lacking. There was nothing in the record to show, or from which it could be ascertained, what mortgage or what land the proceeding related to. As Justice Lowrie said, "The only thing that can be made out of such a judgment, is that something, or, which is the same thing, nothing, is to be sold to pay the debt." This language would be entirely inappropriate in describing the judgment upon which the levari facias issued for the sale of the premises involved in this ejectment. Properly interpreted, as it may be with absolute certainty, it was a judgment that the mortgagee have execution to sell the land covered by the mortgage of Peter Gelston to him, which was fully described by its date and the date, book and page of its record in the proper county office. And it is to be noticed, as a pertinent circumstance, although not in itself conclusive, that the levari facias fully described the land: Burdick v. Norris, 2 Watts, 28. It is true the record referred to in the præcipe is not a record of the court. But, as pointed out by Judge Conyngham, in Sanderson v. Phinney, 2 Walk. 526, s. c., 4 Luz. Leg. Obs. 246, the reference in the amicable action was to a known and ascertained record which every one understands and was notice to all the world of the mortgage and,

consequently, of the land described in it.  He further shows that if at the time of entering judgment the plaintiff had moved the court for leave to file the description, in order to enter the judgment in technical form and language, the court would have made such an order without hesitation, by way of amendment.  "It was a proper subject for amendment, as it was a mere description of that which the parties, by their agreement in writing, made certain; id certum est quod certum reddi potest." Being a matter amendable as of course, with sufficient matter on the record to amend by, the learned judge held it proper to look upon the thing as if actually done.  In distinguishing the case of Wilson v. McCullough from the case under consideration, Judge CONYNGHAM said: "So far as we can understand the facts set forth by the reporter, there was nothing in the record there to identify any mortgage, nothing found in the record itself upon which the court could have been asked to amend; nothing in the record by which that which was uncertain could be made certain."  This language is equally appropriate to distinguish it from the case before us.  We cannot cite the case of Sanderson v. Phinney as a binding authority, but the decision was rendered by a judge whose opinions have always carried great weight, and the reasoning of the opinion seems to us conclusive against the appellants' proposition now under consideration.

2. It is further urged that the plaintiffs' interest in the land was not bound by the judgment on the mortgage, and the sale thereunder was ineffective to convey the same, because no affidavit was filed at the institution of the proceeding as to who were the real owners of the land and because the plaintiffs were not made parties.  In considering this objection it is to be observed that it is not disputed that the whole amount for which judgment was entered on the scire facias was due and unpaid, and it is not suggested that the plaintiffs have any defense of any kind to the mortgage that would have been available to them upon the trial of the scire facias.  The Act of Jan-

uary 12, 1705, 1 Sm. L. 57, which gave the remedy by scire facias, expressly authorized the writ to be issued against the executors or administrators of the mortgagor, and such has been the common practice. Nor is a scire facias upon a mortgage within sec. 34 of the Act of February 24, 1834, P. L. 70, requiring notice to be given to the widow and heirs. "Treating the heirs not as volunteers, but as purchasers and terre-tenants, still it has been repeatedly decided it is unnecessary to make the terre-tenants parties to the proceeding:" Tryon v. Munson, 77 Pa. 250. The circumstance that the terre-tenant became such "after the execution of a mortgage, which was valid in its original concoction, and has been duly recorded, will form no defense whatever, either upon the trial of the scire facias, or that of the ejectment brought against him by the sheriff's vendee. Nothing short of payment or a release of the mortgage can avail in such a case:" Mather v. Clark, 1 Watts, 491. It is claimed that since the passage of the act of 1901 the rule is different, and that what was recommended as the better practice before is now an indispensable essential to a judgment upon which the mortgaged premises may be sold. Clause 10 of sec. 1 of the Act of July 9, 1901, P. L. 614, as amended by the Act of April 23, 1903, P. L. 261, provides, inter alia, that the plaintiff in any writ of scire facias sur mortgage, or some person on his behalf, shall file with his præcipe an affidavit setting forth to the best of his knowledge, information and belief who are the real owners of the land charged, and all such persons shall be made parties to the writ, which shall then be served by the sheriff in the manner therein specified. But if the plaintiff, or some person in his behalf, in an affidavit filed shall aver that he does not know and has not been able to ascertain the owners or their addresses, or the names or addresses of some of them, then service upon the persons in possession of the property, or posting in default thereof, and service upon those who can be served, and two returns of nihil habet as to the rest of those named in the writ, shall constitute a full service of

such writ. Then follows the proviso, that nothing contained in the act shall in any wise alter or affect the ancient practice of service upon the original mortgagor by two returns of nihil. Upon a careful examination of the statutory provisions to which we have referred, it will be seen, first, that the act of 1705, so far as it authorizes the scire facias to be issued against the executor or administrator of a deceased mortgager, is left in force; secondly, that the act does not declare that the real owners must in every case be made parties to the writ; thirdly, that the act does not in express words declare what shall be the consequences of an omission to file an affidavit setting forth the names of the real owners or averring that they are unknown. The consequences that the legislature intended should follow such omission are to be arrived at by inference, and, in determining what inference is to be drawn, it is to be noticed that the statute gives the requirement no higher importance than the requirement as to specifying the names of the claimants of the lands in an action of ejectment. Again, the ancient practice of service by two returns of nihil is left unaffected, which is entirely inconsistent with the idea that the whole aim and object of the legislature would be defeated if it be not implied that the omission to file the affidavit renders the judgment a nullity. It is still further to be noticed that the statute contains no negative words; that is to say, it does not declare that no judgment shall be entered in a scire facias sur mortgage unless the affidavit be filed with the præcipe, which would have been the plain and simple method, and the one naturally suggesting itself to the mind of the legislature, if it had intended the consequence of noncompliance with the provision to be what the appellants' counsel claims. We agree with him that the omission to file the affidavit and to make the persons therein named parties to the writ, is not a mere irregularity which is of no material importance and cannot be taken advantage of by the heirs in an action of ejectment between them and the purchaser at the sheriff's sale. The directions of the

statute cannot be disregarded without loss of the advantages that compliance with them would give the purchaser at the sale. But the statutory provisions can be given effect by holding that, if they be not complied with, the heirs may make any available defense against the purchaser of the land at sheriff's sale that they might have set up on the trial of the scire facias in case they had been made parties to that proceeding in the manner prescribed. We cannot, however, bring our minds to the conclusion that the inevitable consequence is to render the judgment on the scire facias a nullity and to make it inadmissible for any purpose in the action of ejectment.

3. We find no evidence in the case that Fawell, the mortgagee, knew that the plaintiffs were the heirs at law of the mortgagor, or even that he knew of their existence. Nor is there any evidence outside the record, and there is certainly none in the record, that he omitted to file the affidavit with a fraudulent intent to defeat or prejudice the rights of the heirs at law of the mortgagor, whoever they might be. The effect of his omission was to be determined by the court as matter of law; the submission of the question to the jury with instruction that if they found it to be fraudulent would have been unwarranted by the evidence. Nor was there any evidence which would have supported a finding that Donnon, the defendant in the ejectment, procured the sheriff's sale for the purpose of divesting the title of the heirs of the mortgagor, or that he purchased the land for the use and benefit of Mary A. Gelston, the widow and administratrix. Whatever title he acquired, he acquired in his own right and free from any trust in favor of her. Hence any representation that she made in her application for letters of administration could not affect him, in the absence of evidence that he was in some way a party to the representation and knew it to be untrue; and there is no such evidence. It is true he was the son of Mary A. Gelston, and one of the sureties on her bond, but these facts are insufficient to make him responsible for the representation she made in her

application, that the decedent left no heirs.   The only other facts that need be noticed in connection with the allegation of fraud are: that the property was struck down at the sheriff's sale to the attorney of Fawell, the mortgagee, for costs; that by his direction the sheriff made the deed to Donnon, the latter paying the costs, the interest then due on the mortgage debt, and giving to Fawell a new mortgage for $300; that Donnon's motive in buying the property was to provide a home for his mother; and that from that time until her death he permitted her to occupy the premises.   We think it must be apparent from the foregoing recital, without further discussion, that the court would not have been warranted in submitting to the jury the question whether the defendant acquired the deed under which he claims by fraud.

All of the assignments are overruled and the judgment is affirmed.