## Sitler v. P. O. S. of A. Hall Association et al.

*Mechanic's lien—Præcipe for writ of scire facias—Failure to file affidavit of ownership—Intervening creditor—Trial on merits—Amendment of record—Practice, C. P.—Acts of July 9, 1901, and April 24, 1913.*

1. An intervening lien creditor in a mechanic's lien proceeding cannot, after a trial on the merits and an adverse verdict, raise a technical objection as to the validity of the præcipe on which the writ of *scire facias* was issued.

2. Where a writ of *scire facias sur* mechanic's lien is issued without the filing of an affidavit of ownership, as provided by part 11 of section 11 of the Act of July 9, 1901, P. L. 618, as amended by the Act of April 24, 1913, P. L. 116, an intervening lien creditor, who has made no motion to quash the writ or have the legal question of its validity tested, cannot, after he has permitted the case to go to trial on its merits and a verdict has been rendered against him, raise any question as to the validity of the writ.

3. In such case, the court may, after verdict, permit the record to be amended by the filing of the affidavit which should have been filed with the præcipe.

Rules for judgment *n. o. v.* and for new trial. C. P. Columbia Co., Sept. T., 1922, No. 223.

*Ralph R. John*, for rule; *Charles C. Evans*, contra.

BARNETT, P. J., 41st judicial district, specially presiding, July 14, 1923.—The plaintiff on May 25, 1922, filed a mechanic's lien against a building owned by the defendant, and on Aug. 8th issued a writ of *scire facias* thereon, which was duly served on the defendant. Heywood Bros. & Wakefield Co., petitioning as lien creditors, were permitted to intervene and on Oct. 6th filed an affidavit of defence, averring that the plaintiff's contract had been fully performed more than six months before the time the lien was filed, and attacking specifically certain items of the claim. The affidavit contained also the following paragraph:

"Fourth. That the claimant, Charles E. Sitler, did not at the time of the issuing of the Writ of *Sci. Fa.* on said Mechanic's Lien file an Affidavit, either by himself, his agent or attorney, setting forth that he believed the P. O. S. of A. Hall Association of Berwick, Pa., was the real owner of the property against which the lien was filed."

The intervening defendant made no motion on the ground thus suggested to quash the writ or have the legal question of its validity disposed of. Instead, it permitted the case to go to trial, and at the trial attempted to sustain its defence on the merits by cross-examination of plaintiff's witnesses.

4 D. & C.

It offered no evidence-in-chief, and at the close of the trial moved for a compulsory non-suit on the ground of the plaintiff's failure to file an affidavit of ownership with his præcipe for the *scire facias*. This motion having been overruled, the intervener presented seven requests for instructions to the jury, five of which went to the facts, while two were based on the omission of the affidavit of ownership and called for binding instructions. Before verdict, the plaintiff, with leave of court, filed *nunc pro tunc* an affidavit:

"That at the time of filing the præcipe for *scire facias*, viz., on the 8th day of August, 1922, the P. O. S. of A. Hall Association of Berwick, Pennsylvania, the defendant above named, was the real owner of the property against which said lien was filed and in the actual possession of the same at the time of filing said præcipe for *scire facias*."

The defendant filed no affidavit of defence and offered no defence at the trial, but several of its officers and members appeared as witnesses for the plaintiff and testified in his behalf.

The jury returned a verdict for the plaintiff in the sum of $13,075.29. The intervening defendant thereupon filed motions for a new trial and in arrest of judgment and for judgment notwithstanding the verdict upon the following reasons:

"1. Because the court erred in permitting the plaintiff to file the affidavit as to the real owner of the premises *nunc pro tunc*.

"2. Because the verdict was against the law.

"3. Because the court erred in refusing the defendant's sixth and seventh points for charge and to affirm the same.

"4. Because the court erred in overruling the defendant's motion for a compulsory non-suit."

The motion for a new trial is not pressed by counsel for the intervener. It is clear that a new trial could not correct the real matter of complaint, and that motion may be dismissed without further discussion.

The question to be determined is whether the original omission of the affidavit of ownership was a fatal error in a statutory proceeding, such as could not be reached by amendment, or be waived by the intervening defendant's going to trial on the facts without having the legal question disposed of *in limine* or cured by verdict.

The objection is purely technical. It is not denied that when the præcipe was filed, as well as at the time of trial, the defendant was the exclusive owner and occupant of the property charged by the lien. There is no room for reasonable doubt that, upon the evidence, the verdict is just. It should not be set aside except for compelling legal reasons.

If the defect in the pleadings or process is jurisdictional and cannot be cured by waiver or amendment, it seems clear not only that it would be useless to grant a new trial, but that the court is without power to enter judgment for the defendant against the verdict, and that the proper action in such case would be to set aside the verdict as a nullity and quash the writ, without prejudice to the plaintiff's right to issue an *alias sci. fa.* within the time limit prescribed by the Act of June 4, 1901, § 10, P. L. 431, 435. But is it necessary thus to annul a verdict against which no other objection is raised, merely because of the omission from the præcipe of an affidavit which, if filed, would have named the same defendant, and no other, upon whom the *scire facias* was actually served? The learned counsel for the intervening defendant founds his argument upon the rule that in a statutory proceeding, such as this is, the requirements of the statute are mandatory and must be strictly followed, citing Wharton et al. *v.* Investment Co., 180 Pa. 168; Harris *v.*

Mercur, 202 Pa. 313; O'Kane v. Murray, 252 Pa. 60; Dyer v. Wallace, 264 Pa. 169. His contention is that part eleventh, section 1, of the Act of July 9, 1901, P. L. 618, as amended by the Act of April 24, 1913, P. L. 116, makes the filing of the affidavit of ownership an essential part of the proceedings for the enforcement of a mechanic's lien, and that failure to file the affidavit with the præcipe, as required by the act, renders the writ incurably void. The paragraph reads in part as follows:

"Eleventh. The plaintiff in any writ of *scire facias sur* mechanic's claim, or in any other writ to charge particular land with the payment of a statutory lien, other than . . . shall file with his præcipe an affidavit, by himself, his agent or attorney, setting forth that he believes the persons named by him in such affidavit are the real owners of said property; whereupon all such persons shall be made parties to the writ, which shall be served by the sheriff, adding to the writ, and serving as in the case of a summons, all persons other than those named in the writ who may be found in possession of such property, or any part thereof; or if no one be found in possession thereof, then by posting a true and attested copy of the writ on the most public part of said property; and

"*(a)* By serving, as in the case of a summons, such of those named in the writ as may be found in the county in which the writ issues."

If it was the intention of the legislature by this act to add an important requirement to mechanic's lien procedure, to impose upon the lienor a new duty which he might disregard only upon penalty of forfeiting his claim, it was obligatory upon it to make such purpose clear in the title of the statute. The language of the Constitution of Pennsylvania, art. III, § 3, is that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The title of the Act of 1913 reads: "An act amending part of section 1 of an act entitled 'An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs,' approved July 9, 1901."

The sub-quoted portion of this title is the title of the Act of 1901, part eleventh of the 1st section of which is amended. Neither of these titles contains the least suggestion of a material amendment to the law of mechanics' liens, or the procedure for their enforcement, or of the addition of any condition or requirement to be performed by the claimant.

The words of the title, "providing who shall be made parties to certain writs," gives no notice of a duty to be complied with by the plaintiff in the writ. The practice of adding the names of parties to writs was not a new one when these acts were passed. The Act of April 13, 1807, § 2, 4 Sm. Laws, 476, required the sheriff, in serving a writ of ejectment, to add to the writ the name of any person or persons not already named therein whom he might find in possession of the premises. The writ of *scire facias* prescribed by the Mechanics' Lien Act of June 16, 1836, § 15, P. L. 695, directed service upon occupants of the building in addition to the defendant named in the writ. But in these cases the duty of adding the names of parties, as that of service of the writ, belonged to the sheriff. When, in the Acts of 1901 and 1913, the legislature attempted to shift this duty to the plaintiff and penalize him with loss of his suit if he failed to perform it—if that be the meaning of the statutes—due notice of such intention was essential to the validity of the acts. The last of the numerous cases in which the Supreme Court has upheld this constitutional rule is that of Strain, Admin'r, v. Kern, 277 Pa. 209, the syllabus of which reads: "The subject of an act of assembly must be clearly

4 D. & C.

expressed in its title, otherwise the title will be held to be misleading and the act invalid as to everything beyond that which is clearly expressed in its title."

The Act of 1913, however, does not require the rigid construction for which the learned counsel for the intervener contends, and which is necessary in the application of the statutes relating to the lien itself. The act concerns the enforcement of the lien, and its proper interpretation and effect are left in no doubt by the reasoning of President Judge Rice in the case of Gelston v. Donnon, 44 Pa. Superior Ct. 280. In that case it was urged that a failure to file an affidavit of ownership with the præcipe for a *sci. fa. sur* mortgage was a defect involving the jurisdiction and rendering void the judgment entered on the *scire facias* and the subsequent sale of the land. The argument was based on part tenth of section 1 of the Act of 1901, as amended by the Act of April 23, 1903, P. L. 261, which requires "the plaintiff in any writ of ejectment, in any writ of summons, to recover upon a ground rent deed, or recover any sum charged upon real property by will or deed, in any writ of *scire facias sur* mortgage, or in any writ to charge particular land with the payment of a particular debt running with the land," to file with his præcipe an affidavit setting forth who are the real owners of the land charged, the remainder of the wording being substantially and almost precisely the same as that of part eleventh, which is now under consideration. The language of the opinion of the Superior Court is in part as follows:

"The consequences that the legislature intended should follow such omission (to file the affidavit with the præcipe) are to be arrived at by inference, and in determining what inference is to be drawn, it is to be noticed that the statute gives the requirement no higher importance than the requirements as to specifying the names of the claimants of the lands in an action of ejectment. . . . It is still further to be noticed that the statute contains no negative words; that is to say, it does not declare that no judgment shall be entered in a *scire facias sur* mortgage unless the affidavit be filed with the præcipe, which would have been the plain and simple method, and the one naturally suggesting itself to the mind of the legislature, if it had intended the consequence of non-compliance with the provisions to be what the appellants' counsel claims. We agree with him that the omission to file the affidavit and to make the persons therein named parties to the writ is not a mere irregularity which is of no material importance and cannot be taken advantage of by the heirs in an action of ejectment between them and the purchasers at the sheriff's sale. The directions of the statute cannot be disregarded without loss of the advantages that compliance with them would give the purchaser at the sale. But the statutory provisions can be given effect by holding that, if they be not complied with, the heirs may make any available defence against the purchaser of the land at sheriff's sale that they might have set up on the trial of the *scire facias,* in case they had been made parties to that proceeding in the manner prescribed. We cannot, however, bring our minds to the conclusion that the inevitable consequence is to render the judgment on the *scire facias* a nullity and to make it inadmissible for any purpose in the action of ejectment." See, also, Lyle v. Armstrong (No. 2), 235 Pa. 227, 230.

This reasoning applies with equal force to the requirements of part eleventh. The only purpose of the requirement in either the tenth or the eleventh paragraph is to bring every person on the record who has an interest in the property charged with the lien. Any person not made a defendant in the *scire facias* is unaffected by the judgment entered therein and retains what-

ever right of defence he may have, but no person, once on the record and consenting to a trial on the merits, can avoid the effect of an adverse verdict by raising technical objection because of defective service on another defendant. The affidavit of ownership and the service of the writ are the means to an end; the appearance of the party is the end, and when that is accomplished the means become unimportant. That this was the intention and understanding of the legislature appears, among other places, in the last paragraph of the Act of May 23, 1913, P. L. 307, enacted by the same legislature that gave us the Act of April 24, 1913, and one month later. It is there provided that "The said court shall have full power and ample authority, and is hereby authorized and directed, to enter judgment against such of the said defendants as shall have been duly served according to law, or have appeared, for want of an affidavit of defence or sufficient affidavit of defence, as the case may be, if the parties so served or appearing, or any of them, shall neglect or fail to file an affidavit of defence within the time mentioned in the said writ."

Under this authority, judgment could have been entered against the defendant in the present case for want of an affidavit of defence but for the intervention of the Heywood Bros. & Wakefield Co., and thereafter no question could have been raised as to the omitted affidavit of ownership by anybody, if it be true, as the plaintiff avers and the intervening defendant does not deny, that the defendant named in the writ is the sole owner of the property liened. The defendant made no objection to the service or to the omission of the affidavit of ownership. The intervening defendant, as shown by paragraph four of its affidavit of defence, was aware of the omission of the affidavit of ownership at the outset, but made no move to quash the writ or otherwise remedy the omission. It must be held to have waived the objection by going to trial on the merits.

"It is a well established rule that formal defects in the writ and mere irregularities in the proceedings are waived and cured by a general appearance in the action, or by pleading to the merits without reserving the objection. Hence it is that appearing and pleading in an action is a waiver of all prior service and process:" 21 Ruling Case Law, 591.

"While it is true that no consent of parties can give a court jurisdiction of the subject-matter of a suit which the court did not possess without such consent, it is equally true that a court can obtain jurisdiction over a person by the consent of such person. This rule is based on the fact that it is a mere personal privilege of a defendant to insist that he be personally served with a summons within the jurisdiction of the court, or that jurisdiction of his person be acquired in some other legal manner, and that, being a personal privilege, he may consent to the jurisdiction of a court without exacting performance of usual legal formalities:" 7 Ruling Case Law, 1039.

"A court having jurisdiction of the subject-matter would be open to serious charges if it permitted a party to try a cause upon its merits without in any way raising a question as to the parties being rightfully before it, and then allowed such a party, upon a decision adverse to him, to question the service of the process. If he is not rightfully in court, he should first raise that question before going to trial on the merits:" 2 Ruling Case Law, 337.

We have examined the cases of McVey *v.* Kaufman, 223 Pa. 125; Keely *v.* Jones, 35 Pa. Superior Ct. 642, and Miller *v.* Fitz, 41 Pa. Superior Ct. 582, but do not find any of them in point. They all concern the question of a defendant's alleged waiver of mandatory requirements for the filing of a mechanic's lien, the difference between which and the direction contained in

4 D. & C.

Sitler v. P. O. S. of A. Hall Association et al.

the Act of 1913 to file an affidavit of ownership with the præcipe for a *scire facias* is sufficiently shown in Gelston v. Donnon, 44 Pa. Superior Ct. 280.

At the close of the trial and before verdict, the plaintiff was permitted to file *nunc pro tunc* the affidavit that should have been filed with the præcipe. If this was a proper exercise of discretion, and not, as the intervener contends, a usurpation of power, the record is in correct form and all question is at an end. The case of Ratzburg v. Olszewski (No. 1), 27 Dist. R. 272, is cited by the intervening defendant against the authority of the court to allow the affidavit to be filed. We cannot follow that decision, however, in view of the contrary doctrine expressed in Colture v. Bertholf et al., 15 Dist. R. 422; Scott v. Calvert, 18 Dist. R. 892; the well considered opinion of Judge Stewart in Kolb v. Steckel, 18 Dist. R. 99; King v. Grannis, 12 Dist. R. 360, and its affirmance in 29 Pa. Superior Ct. 367, where, on page 369, it is held that "the omission to file the affidavit with the præcipe when there was a valid service was but an irregularity in practice over which the court had full discretionary power." It is true that all of the latter cases were concerned with part tenth of section 1 of the Act of 1901, while we are dealing with part eleventh, but the language of the requirements in the two parts is identical and their purpose is the same. As in Colture v. Bertholf et al., 15 Dist. R. 422, so here, the affidavit names the same person as owner who is named in the lien and the *scire facias*. It brings no new party on the record and gives no additional information to anybody. It would be regrettable if upon so empty a technicality, after a full and fair trial on the merits, a verdict must be set aside.

In this view of the action of the court in permitting the affidavit of ownership *nunc pro tunc*, nothing need be said of the plaintiff's motion, after verdict, to amend his præcipe by attaching such affidavit to it.

And now, July 14, 1923, all of the intervening defendant's motions are overruled, and the prothonotary is directed to enter judgment in favor of the plaintiff on the verdict.

From R. S. Hemingway, Bloomsburg, Pa.